## John H. Bayne *vs.* John S. Suit and Grafton Suit.

In an action upon a contract for the sale of negroes, the defendant may show, that at the time of the sale an action of replevin for the same negroes, under which one of the plaintiffs got possession of them, was pending, and may prove this by the proceedings in the action of replevin, though against a different defendant.

Upon an appeal from Prince George's county court, in an action of covenant brought in the said court by the appellant, upon the following sealed agreement of the appellees: "Bought of John H. Bayne, one of the administrators of Mrs. Mary E. Welling, two servants, Tom and Aaron, for the sum of $1150. In case the administrator, James G. Webster, should not sanction the sale made by the above John H. Bayne, we bind and oblige ourselves, under the penalty of $300, to return the above named negroes to John H. Bayne, or James G. Webster, on or before Saturday night next, and provided the purchase money is returned, we do promise to make no charge for our trouble in taking and keeping said negroes, until such time."

The averment in the declaration is, that the administrator, Webster, did not sanction the sale made by the plaintiff, but refused to sanction the same before the time limited therefor in the agreement; that the defendants were notified of the said refusal before the time agreed on; that the plaintiff tendered to the defendants the purchase money at the time of said notification, but that they refused to return the said negroes, either to the plaintiff or to his co-administrator, James G. Webster, but therein have wholly failed and made default.

The defendants pleaded, first, that they had not broken the covenant—issue joined;—afterwards obtained leave to amend, and then pleaded, that they did not owe the sum of money demanded of them, or any part thereof. Issue was joined. Verdict was for the defendant, and the plaintiff appealed.

In the progress of the trial, the plaintiff took two bills of exception.

Statement in the first bill of exceptions:

The parties having agreed to waive all errors in the pleadings, the appellant offered evidence to prove, that the co-administrator not having sanctioned the sale of the negroes within the time limited therefor, the purchase money was offered to be refunded, agreeably to the terms of the covenant; but the appellees refused to receive it, and before the expiration of the time limited in said covenant, the defendants had sold the said negroes to a trader in Baltimore, and had delivered them into the possession of said trader. The plaintiff also offered proof of the amount of the damages sustained by him.

The defendant thereupon offered to prove, that before the expiration of the time for the return of said negroes, James G. Webster sanctioned the sale; and further to defeat the plaintiff's action, offered in evidence the proceedings in an action of replevin, brought by Bayne and Webster, administrators of Mary Welling, against one Zachariah Mangun, and which was pending when the covenant was signed; and further, that no order had been obtained from Prince George's county court, authorizing the sale of said negroes. The plaintiff objected to this record evidence. The court overruled the objection, and permitted it to be read to the jury. For this the plaintiff excepted.

Upon the whole of the evidence in the first exception, the court, at the instance of the defendant, instructed the jury, that if the same is believed by them, they must find a verdict for the defendant.

This appeal was argued at the present term before LE GRAND, C. J., and ECCLESTON and MASON, J.

By *T. F. Bowie* for the appellant, and *C. C. Magruder* and *Causin* for the appellees.

*Bowie* for the appellant, referred to act of 1833, ch. 274, which forbids the sale of negroes, pending an action of replevin for the recovery of them.

Were the proceedings in the action of replevin evidence in this case? The contract is to rescind an illegal sale, not to recover the purchase money under a void contract. *Story on Contracts*, sec. 619. 29 *Charles*, sec. 7. 3 *B. & C.*, 232. This was not a complete contract until sanctioned by Webster. The act of 1833 does not design to punish an intention to sell, but an actual and complete sale.

A contract must have the full assent of the parties. *Addison on Contracts*, 36.

See *Story on Contracts*, 621, 622, 627, secs. The very reason that vitiates the first contract, makes good the second. *Story on Contracts*, 627.

As to 2nd exception. If this was the only exception, the court would dismiss this appeal. As, however, there is another exception, the court must retain the case and examine the errors. See 2 *G. & J.*, 302. 3 *G. & J.*, 369.

The refusal of a general prayer is no error. If it be granted, however, the appellate court will reverse it, provided there be any prayer which gives jurisdiction.

*Causin* for appellee.

The sole question arising on the first exception is, whether the proceedings in the replevin suit is evidence?

As to the objection that it is *res inter alios acta*, and in answer thereto, see 6 *H. & J.*, 182. 4 *Wheat.*, 213. 1 *Phil. on Ev.*, 361, (*Cowens,*) 332. And 4 *Phil.*, 822. 527 and 529 *of Greenlf. on Ev.*

Sale complete. 8 *G. & J.*, 417. See 2 *G. & J.*, 291, 295. Condition not to sell negroes out of the State. 2 *G. & J.*, 226. One administrator may sell, without the assent of the co-administrator. 6 *G. & J.*, 289. One administrator is responsible for the acts of his co-administrator. See 2 *G. & J.*, 86.

The contract was to pay the penalty or return the negroes. Void Contracts. *Chitty on Contracts*, 657. 4 *H. & J.*, 238. 5 *H. & J.*, 193. 6 *H. & J.*, 128. 1 *Cain Rep.*, 105. 11 *Serg. and Rawle*, 164. 3 *Taunt.*, 226. 8 *Term Rep.*, 91. 4 *H. & J.*, 180, 192. 17 *Mass.*, 258.

Unless the contracts can be separated, the plaintiff cannot recover.　See 6 *Gill*, 29.

*Magruder* on same side, referred to 1*st Green. Ev.*, 629 and 631.

As to *res inter alios acta.*　1 *H. & G.*, 252.

Void contracts.　*Story on Contracts, pp.* 657, 653.

4 *H. & J.*, 560.　4 *H. & J.*, 288.　5 *H. & J.*, 190.　1 *Cain's Rep.*, 105

The contract here was not distinct from the void contract. 8 *T. R.*, 89.　17 *Mass.*, 258.　It is actually a part of the original contract to pay $300, if the negroes are not returned. See 4 *H. & J.*, 558.

As to the nature of the second prayer:　2 *G. & J.*, 278, 281.

*Bowie* for the appellant, referred to 11 *John.*, 28.

MASON, J., delivered the opinion of the court.

The question presented in this case, is, whether the covenant, which constitutes the basis of this action, is such a one as ought to be recognised and enforced by this court.　It provides for the sale and delivery of certain negroes therein named, and for their re-delivery, upon certain contingencies. In pursuance of the agreement, the slaves were delivered, and the purchase money paid for them.　The failure on the part of the defendants, to return the negroes as stipulated in the contract, led to the institution of this suit, for the recovery of damages, for this breach of the covenant.

By the act of Assembly of 1833, ch. 274, it is provided, that during the pendency of an action of replevin for any negro slave, "it shall not be lawful for either plaintiff or defendant, to sell such negro slave, until such action of replevin shall first have been determined, and any sale thus made, shall be void, unless an order of the court, authorising such sale, be first had and obtained."

At the trial, to defeat the plaintiff's right to recover upon this covenant, the defendant offered in evidence, the record of the proceedings in an action of replevin, instituted in Prince

George's county court, by the administrators of Mary Welling, (one of whom was the appellant in this action,) against a certain Zacharias Mangun, to recover the same negroes which were sold, to the present appellees, and which were embraced and described in the agreement now before the court. From that record, which, under the direction of the court, was admitted in evidence, it appeared that said replevin was pending and undetermined, when the said sale was made, and the covenant executed. The admissibility of this record as evidence, by the court below, forms the ground of the appellant's first exception. From the view we shall take, and hereafter express in relation to this contract, we think the testimony was properly received.

What was the fact sought to be established by the defendant, in order to annul the contract, and thus to defeat the plaintiff's action? It was, that at the time the negroes mentioned in the agreement were sold, there was an action of replevin pending for the same negroes. It was clearly legitimate for the defendant to offer to prove this fact; for if such were true, that the replevin was pending when the sale was made, the act of Assembly renders such sale void. Now, how could the defendant have shown this fact, viz: the pendency of the replevin, but by the production of the record itself? Could he have established it by oral proof? This record is not offered to bind or conclude the parties in this action, by any thing it contains, or to establish any fact involved in the action of replevin. It is merely offered to establish the collateral fact that such a proceeding as the replevin, was actually pending at a particular time. It seems to be settled by all the elementary writers upon the subject, that for such a purpose, a record is admissible in evidence. We therefore think, the court below was right in allowing this evidence to go to the jury.

The evidence having thus been received, the next question which was raised, was, whether the covenant was illegal and void, under the act of Assembly, inasmuch as it was made pending the replevin suit, and without an order of the court authorising the sale. The court below, so thought and in-

structed the jury, that if they believed the aforesaid facts, they must find for the defendants. This opinion and instruction of the court, form the basis of the second exception.

Neither of the parties to this action, occupy a very favorable position in this court. The defendants are seeking to evade the consequences of a gross and wilful violation of their contract; while, on the other hand, the plaintiff is endeavoring to enforce a contract rendered void and criminal, by the laws of the land. The breach of the covenant, particularly relied upon by the plaintiff, is, that the defendants did not return the slaves according to the terms of their agreement, and his counsel ingeniously seeks to separate this covenant, (to return the slaves, if the co-administrator did not sanction the sale,) from the balance of the contract, which related to the price and the delivery, and insists upon its being treated by this court, as a distinct and independent agreement. In this we think he has failed. It is part and parcel of the contract of sale. It could have had no meaning or effect, if it stood alone, unconnected with the balance of the contract. Upon what ground does the plaintiff claim the right to demand a return of these negroes, except it be from the fact that he had previously sold them. The institution of this suit, and the production in court of the contract, is a recognition and admission of the sale, as well as the covenant, set out in that contract. Upon what grounds of justice and propriety, can a party claim to repudiate one portion of his agreement, while he seeks the benefit of another portion? We can see in this contract, no difference from other consummated agreements. The parties bound themselves to return the slaves, upon a certain contingency, or forfeit three hundred dollars. They had a right to select, between the two alternatives—return the slaves, or pay the penalty—which, of itself, recognises in the defendants, the absolute power and control over this property, and a divesture of all claim to the same, on the part of the administrator, Bayne. If this were a proceeding in repudiation of this whole contract, such as trover or replevin, there might then be some force in the appellant's argument,

but as this action has been instituted to recover damages for the violation of a covenant contained in, and being a part of an illegal contract, we are of the opinion, that it cannot be sustained. The test in such cases, whether a demand, connected with an illegal transaction, is capable of being enforced at law, is, whether the plaintiff must resort to the illegal transaction to aid in establishing his case. How can he demand the penalty for the non-delivery of these negroes, unless he shows how, and upon what terms the defendants first got them in possession—and this at once brings up the illegal sale, and makes it the basis of the subsequent demand.

This court will not extend its aid to a party, who bases his cause of action upon an immoral or illegal transaction. If it should appear to the court, that the cause of action arose directly or indirectly, *ex turpi causa*, or in violation of any positive statute, in either case the court will withhold from the plaintiff all aid or assistance.

In support of the foregoing principles, we cite *Sedwick vs. Sedwick*, 6, *Gill*, 28. *Swan vs. Scott*, 11 *Sergt. and Rawle.*, 164. 8 *Term Rep.*, 89. 3 *Taunt.*, 226. *Chitty on Contracts*, 657 *and* '8. *Wheeler vs. Russel*, 11 *Mass.*, 258. *Story on Contracts*, sec. 622.

If the second exception presented the only question for the consideration of this court, we might, perhaps, be required to pronounce the prayer upon which the county court acted, as too general, and accordingly would dismiss the appeal, or reverse the instruction. *Davis vs. Leab*, 2, *G. & J.*, 302. But as there is another exception, not obnoxious to the same objection, and which discloses sufficient grounds to authorise an affirmance of the judgment, we feel ourselves relieved from the necessity of pronouncing any opinion upon the form or language of the prayer, contained in the second exception. But following the example of this court, in the case of *Penn vs. Flack*, 3, *G. & J.*, 369, we feel no hesitation in expressing our opinion on the whole case, which is, that if the testimony was believed by the jury, the plaintiff could not recover.

*Judgment affirmed.*