## WILLIAM M. BAXTER *v.* RUBY WILBURN
[No. 41, January Term, 1937.]

*Decided March 17, 1937.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Thomas M. Jenifer,* with whom were *Walter R. Haile* and *Jenifer & Jenifer* on the brief, for the appellant.

*George M. Berry,* with whom was *John D. C. Duncan* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant, in about the year 1928, while he had a wife living, began an illicit relationship with the appellee, then a widow, and continued in it for about seven years, the two living together during most of that period. His wife died in about the year 1933. Three years after the relationship with the appellee began, or in 1931, she expressed a wish for a home in the country, one that she could have when she grew old, and the appellant bought one which she selected, and had it

conveyed, according to an arrangement designed to save the property from his wife's conjugal rights, and also to save it to himself in case the appellee should die before he did. The deed of conveyance, duly recorded, was taken in the name of the woman alone, and at the same time a mortgage was executed by her to him, but withheld from record, the parties agreeing that it should be recorded only in case of her death first, and that she should be the custodian of it meanwhile. She destroyed it, and, the parties having since quarreled and separated, he has brought his bill, praying that she discover what she has done with the mortgage, that, if it has been destroyed, the amount of it may be declared a lien on the property in his favor, that trustees be appointed to sell and satisfy the claim, and that meanwhile she be restrained from selling or incumbering the property. The chancellor considered the transaction to be one in promotion of the illicit relation, and therefore one upon which no relief should be granted in equity, and dismissed the bill.

It appears that at the time of the purchase there was no discussion of a continuation of the illicit relation, no mention of it at all. The complainant testified that its continuation was not dependent on the purchase, but also testified that he would not have put up ten cents if he had not thought the woman was going to live with him as man and wife, "because I am not that kind of man. I am not a man to run around and fall in love with her," and that the money was put up for the purchase in expectation and agreement between them that they would continue to live together as man and wife until death separated them.

"Contracts based upon the consideration, either past or future, of illicit sexual intercourse, or stipulating for such future intercourse, or in any manner promoting or furnishing opportunity for unlawful cohabitation," are void and unenforceable in equity. *Pomeroy, Equity Jurisprudence,* sec. 936; *Gotwalt v. Neal,* 25 Md. 434, 449; *Lester v. Howard Bank,* 33 Md. 558, 563; *Harrison v. Harrison,* 160 Md. 378, 384, 153 A. 58. But the mere

fact that a man and a woman are living together in an unlawful relation does not disable them from making an enforceable contract with each other, if it has no reference to continuation of the relation, or is only incidentally connected with it, and may be supported independently of it. A loan to the woman to buy herself clothes would be lawful, and upon the same reasoning a loan to buy real property not for the furtherance of the immoral relation would be enforceable. *McDonald v. Fleming*, 12 B.Mon. (Ky.) 285; *Williston, Contracts*, sec. 1752.

The bill of complaint here describes the mortgage as a purchase money mortgage, given without reservation as to recording and giving it effect, and without reference to the relationship of the parties, but the complainant himself testified that the mortgage was, as stated, executed to be held in reserve and given effect only in case the woman should die first, and was not to have any effect if he died first, "provided we lived together and everything was all right. Of course she could not kick me out, and then try to take the home away from me." The mortgage, he repeated, was to be no good, "provided she treated me right if we lived together." But this proviso shows apparently only the complainant's intention or expectation, not an expressed agreement. The actual agreement appears to have gone only so far as the arrangement that the mortgage should be made effective or be a nullity on the death of one party or the other. And what the complainant seeks is not a performance of the agreement proved, but a remedy for failure of continuation of the relationship in contemplation of which the agreement was made. *Grossman v. Greenstein*, 161 Md. 71, 155 A. 190. It is not an entire cancellation of the transaction, but restitution by a different use of the mortgage, making it effective now, while the woman lives. Whether that might be an appropriate remedy, if any should be available to him, need not be decided. The application for it on the facts proved must assume a direct connection between the man's providing the house

and his living in it with the woman. And the connection appears to this court so close in fact that the illicit cohabitation must fix the character of the transaction in the property.

The arrangement was not a gift to the woman disassociated from the meretricious relationship, but provision of a house for living together in that relationship, and as the habitation of it. And this connection between the immorality and the conveyance and agreement must, in the opinion of this court, prevent the court's interfering. Equity must, in the words of many decisions, leave the parties as they have left themselves. *Vincent v. Moriarty*, 31 App. Div. 484, 52 N. Y. S. 519; *Harlow v. Leclair*, 82 N. H. 506, 136 A. 128; and note in *Ann. Cas.* 1916 B, 114.

In argument the case is brought within the exceptions to the general rule of refusing aid, by separating the mortgage from the gift and provision for the joint habitation, and concluding that, even if the conveyance should be tainted under the rule, the mortgage, as an ordinary lawful transaction, would not; but this court concurs in the view that the evidence makes them one, for the purposes of this inquiry. The legal situation seems to be similar to that of a conveyance of property in fraud of creditors with an agreement for reconveyance. Reconveyance would not be enforced even should all creditors be paid. *Brown v. Reilly*, 72 Md. 489, 492, 20 A. 239. *Roman v. Mali*, 42 Md. 513.

Again, it is urged that the parties here may be considered as not equally participating in the guilt, and because of that fact presenting an exception to the general rule. *Roman v. Mali*, 42 Md. 513, 532. But the case does not admit of an exception on that ground, if the agreement regarding the mortgage is taken as one with the purchase, rather than as an unrelated, separate dealing. The guilt in the arrangement for the immoral relation was equal beyond question.

*Decree affirmed, with costs.*