WILLIAM J. KRAUCH *v.* KENNETH M. KRAUCH

[No. 6, April Term, 1941.]

*Decided May 20th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*E. Arthur Hurd*, for the appellant.

*Nathan J. Felsenberg*, with whom was *James M. Hoffa* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order overruling a demurrer to the bill of complaint with leave to the defendant to answer within thirty days. The defendant chose to appeal.

The bill of complaint states that the parties are brothers, sons of Blanche V. Hall, who died December 20th, 1939; that the mother was the owner of a leasehold, No. 127 N. Highland Avenue, in the City of Baltimore, which is subject to an annual ground rent of $48; that she was desirous of making a gift *inter vivos* of the property to her two sons "as tenants in common, but only on certain conditions; that an assignment of all her right, title and interest be made to William J. Krauch upon condition that the said William J. Krauch should hold the same in trust for the sole benefit of himself and his brother, Kenneth M. Krauch, and upon the further condition that the said William J. Krauch acknowledge this trust by some memorandum in writing to that effect."

That in accordance with this understanding, Mrs. Hall on July 15th, 1929, executed an assignment of the leasehold to William J. Krauch, without any conditions or reservations, and on the same day he gave to Adolph Gutberlet, an attorney, the following letter:

"July 15, 1929.
"Mr. Gutberlet,
"11 E. Lexington St.
"Dear Sir:
"This letter is to certify that the house 127 N. Highland Ave. which was transferred today to me belongs ½ to my brother Kenneth Mc.Clay Krauch, and the reason it was put in my name is because my brother does not get along with his wife but ½ of the property belongs to him.

"William J. Krauch

"I know this is true.

"Mrs. William J. Krauch"

That about 1931 the brothers became estranged, and that William J. Krauch determined to cheat and defraud his brother, Kenneth, out of his half interest in the leasehold, and then, without any *bona fide* consideration, unbeknown to Kenneth Krauch, re-assigned the lease hold to his mother by deed dated June 20th, 1931, who held the property until March 8th, 1937, when she reconveyed the property to the said William J. Krauch; that Kenneth Krauch knew nothing of the deeds of 1931 and 1937 until after the death of his mother, which occurred December 20th, 1939.

The bill prays for a decree declaring the assignment of March 8th, 1937, to be void; that the leasehold is the property of Kenneth M. Krauch and William J. Krauch; that a trustee or receiver be appointed to convey the property to both of them, and for general relief.

The defendant contends that the demurrer should have been sustained on either of two grounds, (1) that the personal representative of his mother should have been made a party, (2) that the plaintiff has been guilty of laches.

If Mrs. Hall had died owning the property, her personal representative would, of course, be a necessary party (*Wlodarek v. Wlodarek,* 167 Md. 556, 564, 175 A. 455; *Mitchell v. Frederick,* 166 Md. 42, 52, 170 A. 733; *Lumpkin v. Lumpkin,* 108 Md. 480, 494, 70 A. 238; *Miller's Eq. Proc.,* 38, sec. 30), as the executor or adminis-

trator would hold the legal title. In this case the decedent had parted with the property, and restored the property to her son, William J. Krauch, to whom she had made the assignment of July 15th, 1929. The controversy here is between the brothers, and the title can be effectively settled in this proceeding.

The defendant's contention that the plaintiff's claim is barred by laches was properly rejected by the chancellor. In equity the defense of laches is generally only available when failure to assert a right will work prejudice to the adverse party. *Kaliopulus v. Lumm,* 155 Md. 30, 38, 141 A. 440; *Hopper v. Brodie,* 134 Md. 290, 304, 106 A. 700; *Demuth v. Old Town Bank,* 85 Md. 315, 326, 37 A. 266. In this case it cannot be said that the defendant has been hurt by the plaintiff's failure to take any measures to have a half interest in the lease assigned to him, or to bring a suit to have his interest decreed to him. When their mother made the reconveyance to the defendant March 8th, 1937, the relative positions of the parties were the same as from July 15th, 1929, to June 20th, 1931.

The plaintiff says he knew nothing of the reconveyance of June 20th, 1931, to his mother, nor of her second deed to the defendant March 8th, 1937, until after her death, which occurred December 20th, 1939, just five weeks before the suit was brought, so that from the time he learned what had been done, he acted promptly. *Sears v. Barker,* 155 Md. 323, 330, 141 A. 908.

The defendant also urged that there were some inconsistencies in the bill of complaint. We think it very evident that the allegations of the bill are sufficient to show a resulting trust in a one-half interest in the property for the use of the plaintiff to June 20th, 1931. 65 C. J. 222, 363; 1 *Perry on Trusts,* (7th Ed.), sec. 125; 2 *Restatement—Trusts,* 1246; *Springer v. Springer,* 144 Md. 465, 125 A. 162. When the defendant assigned the lease to his mother, she, until she re-assigned to the defendant, held a half interest as constructive trustee for the plaintiff. There is a charge in the bill that the

mother was unduly influenced to reconvey the property to the defendant, so that he became a trustee *ex maleficio*, as he acquired the property the second time by what was intended to be a fraud. *Ruhe v. Ruhe*, 113 Md. 595, 77 A. 797; *Springer v. Springer*, 144 Md. 465, 125 A. 162; *McIntyre v. Smith*, 154 Md. 660, 141 A. 405; *Lipp v. Lipp*, 158 Md. 207, 148 A. 531; *Restatement—Restitution*, sec. 160 (b, c).

The assignment of July 15th, 1929, made by Mrs. Hall to the defendant, while absolute on its face, gave him an absolute estate in an undivided half, and gave him the legal title in the other half for the use of the plaintiff, which could be undone only with the consent of the later. What was done afterwards did not change the situation created by the deed to the defendant of July 15th, 1929, and his declaration of trust of the same day.

The order appealed will, therefore, be affirmed.

*Order affirmed with costs, and case remanded.*