## LOIS C. VAN METER *v.* ERNEST L. WILKINSON, ET AL.

[No. 43, October Term, 1946.]

*Decided January 9, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*C. B. Des Jardins,* with whom were *Justin S. Compton, Clinton M. Harbison* and *William A. Volkman, Jr.,* on the brief, for the appellant.

*Sumner Wood* and *Ernest L. Wilkinson,* with whom was *Albert M. Bouic* on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

On July 10, 1930, C. C. Calhoun (a lawyer) entered into an agreement with S. L. Van Meter, Jr. (who was not a lawyer, but was a retired officer of the United States Army), as appears hereafter.

On August 17, 1933, Calhoun made an assignment to Van Meter, which will be referred to later.

Van Meter died in 1937 and Calhoun died in August, 1938. Suit was instituted in the Circuit Court for Montgomery County by Lois C. Van Meter, widow and administratrix of the estate of Van Meter, (appellant), against Wilkinson and Neubeck, executors under the will of Calhoun, (appellees). The declaration contained three counts: (1) based on the assignment; (2) money received by the defendants for the use of the plaintiff; and (3) money found to be due from the defendants to the plaintiff on accounts stated between them. A demand for particulars was filed, which alleged that the "cause of action is based upon a certain Memorandum in writing, or written contract, dated July 10, 1930, in the possession of the Plaintiff, which said written instrument will, upon its face, disclose that these Defendants are not in anyway indebted to this Plaintiff." Response was made to

the Bill of Particulars by the defendants, in which they disclaim that the cause of action is based on the written contract dated July 10, 1930, and that that instrument will not disclose that the defendants are in any way indebted to the plaintiff. Nevertheless, in response to the demand for Bill of Particulars, the plaintiff exhibited the written contract of July 10, 1930, in order to avoid delay. To the declaration, thus particularized, defendants filed general issue pleas. The case was heard by the court without a jury, a verdict for the defendants was rendered, judgment extended, from which this appeal is taken. The court below filed a written opinion in the case.

Calhoun practiced law in Washington, D. C. Captain David McD. Shearer (a retired captain in the United States Army) had a claim against the United States "for the use or manufacture of inventions." It is not made clear in the record how Calhoun and Shearer and Van Meter (the two latter retired officers of the United States Army) were brought together, but we find by the agreement, dated July 10, 1930, that Calhoun was employed to prosecute this claim against the government and that he, in this agreement, covenanted to pay Van Meter "one-half of the net amount received by him as fees for said work." The costs of services of patent lawyers, court costs, stenographers' charges, railroad fare and hotel bills, if any, were to be paid by Hazel L. Fauber and Shearer, and if such expenses "are not paid by said parties, and either of the parties to this contract pays such expenses, he is to be reimbursed therefor at the rate of three for two before the aforesaid division of fees is made." It further provided that "the party of the second part (Van Meter) agrees to diligently assist in every way possible in the collection of said claims." It appears that Calhoun, at that time, had two claims against the government, one for Shearer and the other for Hazel L. Fauber, and he agreed to pay Van Meter one-half of the net amount of his fees, less certain expenses and costs that might not be paid by the parties.

The assignment, dated the 17th day of August, 1933, recites that Van Meter rendered services to Calhoun in connection with the prosecution of Shearer's claim against the government "in accordance with and pursuant to a certain contract dated July 10, 1930, by and between said C. C. Calhoun and S. L. Van Meter, Jr.," and in consideration of the sum of one dollar, "and in further consideration of the services which have been rendered by said S. L. Van Meter, Jr., as aforesaid, to me, and in further consideration of the modification of the aforesaid contract between C. C. Calhoun and S. L. Van Meter, Jr., dated July 10, 1930, in that this assignment shall be considered a modification of the said agreement dated July 10, 1930, in so far only as it assigns the compensation to be paid to and eliminates any required future services to be rendered by S. L. Van Meter, Jr., in connection with the claim of Captain David McD. Shearer against the United States, as evidenced by the signature of said S. L. Van Meter Jr., thereto, I hereby agree to transfer, assign, and set over to the said S. L. Van Meter, Jr., his executors, administrators, and assigns, and by this assignment do transfer, assign and set over to S. L. Van Meter, Jr., out of the compensation payable to me for my work in connection with said lawsuit of Captain David McD. Shearer's a sum equivalent to six and one quarter (6¼) per cent of the gross amount of any money awarded to the said Captain David McD. Shearer either by judgment of any Court or by compromise and settlement * * *."

Section 198, U. S. C. A., Title 18 (Criminal Code, Section 109), provides: "Whoever, being an officer of the United States, * * * shall act as an agent or attorney for prosecuting any claim against the United States, or in any manner, or by any means, otherwise than in discharge of his proper official duties, shall aid or assist in the prosecution or support of any such claim, or receive any gratuity, or any share of or interest in any claim from any claimant against the United States, with intent to aid or assist, or in consideration of having

aided or assisted, in the prosecution of such claim, shall be fined not more than $5,000, or imprisoned not more than one year, or both." This statute has never been repealed and was in effect long prior to 1930.

In *Wood v. United States*, 107 U. S. 414, 417, 2 S. Ct. 551, 27 L. Ed. 542, the Supreme Court held in so many words that a retired officer of the Army is an officer of the United States. See *Morgenthau v. Barrett*, 71 App. D. C. 148, 108 F. 2d 481 and cases cited.

It is contended by the appellant that the contract of July 10, 1930, has nothing to do with this case, because it is separate and distinct, or, if related at all to the assignment, declared on, it is so remote as to become immaterial. We do not agree with this contention. Van Meter was a retired Army officer. By the earlier contract he agreed to "diligently assist in every way possible in the collection of said claims." The section referred to makes it a serious crime for an officer of the United States to receive any gratuity, share, or interest in any claim against the United States, in consideration for having aided or assisted in the prosecution of such claim. Van Meter's administratrix seeks compensation from Calhoun's executors for the aid given Calhoun in the prosecution of Shearer's claim. It is said that the claim of Van Meter is not against the United States, but against Calhoun. The statute, however, made it unlawful to aid and assist in the prosecution of a claim against the government. The claim was Shearer's, and he aided and assisted Shearer's attorney in the prosecution, which was unlawful. The assignment refers to the earlier contract; and in further consideration of the services which have been rendered by appellant's decedent; to the further consideration of the modification of the earlier contract; states that the assignment shall be considered as a modification of the earlier contract, in so far only as it assigns compensation to be paid to and eliminates any required future services to be rendered by the appellant's decedent in connection with the Shearer claim, and for this consideration appellees' decedent assigned

to appellant's decedent 6¼ per cent. of the gross amount of any amount awarded to Shearer. It is perfectly plain that the contract of 1930 and the assignment of 1933 are inseparable. If one is illegal, so is the other. The earlier contract was made in the teeth of the section referred to, and was illegal and void. *Schaun v. Brandt,* 116 Md. 560, 82 A. 551; *Steffey, Inc. v. Bridges,* 140 Md. 429, at page 434, 117 A. 887; *Bayne v. Suit,* 1 Md. 80. See *Brager v. Bigham,* 127 Md. 148, 96 A. 277; *Noonan v. Gilbert,* 63 App. D. C. 30, 68 F. 2d 775; *Trist v. Child,* 88 U. S. 441, 21 Wall. 441, 22 L. Ed. 623; *Case v. Helwig,* 62 App. D. C. 98, 65 F. 2d 186; *Baxter v. Wilburn,* 172 Md. 160, 190 A. 773.

A contract which, at the time it was entered into, violated a statute, is not made lawful if the statute is afterwards repealed. *Schaun v. Brandt, supra; Fitzsimons v. Eagle Brewing Co.,* 3 Cir., 107 F. 2d 712, 126 A. L. R. 681; *Steffey, Inc v. Bridges, supra.*

Appellant objects to the introduction in evidence of the earlier contract, but we think the court was clearly right in admitting the same in evidence. It was clear when the earlier contract was produced by appellant on demand for Bill of Particulars, that the assignment sued on in this case was inseparably connected therewith. In *Lanham v. Meadows,* 72 W. Va. 610, 78 S. E. 750, 757, 47 L. R. A., N. S., 592, at 595, it is said: "The consideration for the payment of the money is part and parcel of the transaction, and if it could not be given in evidence to defeat the action, money paid upon an illegal consideration could always be recovered back in violation of that principle of public policy which forbids it. In order to evade this principle of law, it would only be necessary to prove one side of the contract. That illegality of the consideration may be set up as a defense to a debt *prima facie* valid is well settled by authority." 17 *C. J. S., Contracts,* Sec. 284, p. 672; *Williston on Contracts,* Revised Ed., Vol. 6, Sec. 1753, p. 4983.

In *Bayne v. Suit, supra,* 1 Md. side page 86, it is said: "The test in such cases, whether a demand, connected with

an illegal transaction, is capable of being enforced at law, is whether the plaintiff must resort to the illegal transaction to aid in establishing his case." *Baxter v. Wilburn, supra.*

The consideration for a contract is always open to inquiry under the general issue plea, and where the evidence shows, as in this case, that the consideration for the promise was illegal, the contract will not be enforced. For the reasons given, the judgment will be affirmed.

*Judgment affirmed, with costs.*