ALEXANDER J. MASKELL, ET AL. *v.* BERTHA ELIZABETH HILL

[No. 28, October Term, 1947.]

328

*Decided November 20, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Fred J. Van Slyke* and *Daniel S. Sullivan, Jr.,* for the appellants.

*John Grason Turnbull* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County overruling a demurrer filed by the appellants, Alexander J. Maskell and Johanna D. Maskell, defendants below, to the bill of complaint filed by the appellee, Bertha Elizabeth Hill, plaintiff below.

The bill of complaint filed by Bertha Elizabeth Hill, appellee, alleges in effect the following matters.

Her maiden name was Bertha Elizabeth Kidd, but for a period of time between 1935 and 1940 she was known by the name of Bertha V. Hill. In 1937 she was single and nineteen years of age. For a period extending from August 14, 1937 to 1940, she and one of the appellants, Alexander J. Maskell, lived together as man and wife although they were not in fact married to each other.

Alexander J. Maskell, the appellant, was in fact married, not divorced but separated from his wife. During the period of time that these parties lived together they adopted the name of Hill. The appellee was known as Bertha V. Hill although in fact her name was Bertha Elizabeth Kidd. The appellant, Alexander J. Maskell, was known as Harry A. Hill although his true name was Alexander J. Maskell.

On August 14, 1937, Alexander J. Maskell, the appellant, and the appellee under their assumed names of Harry A. Hill and Bertha V. Hill, acquired title to a certain tract of land in "Kenwood" in Baltimore County. These two parties took title to said property as Harry A. Hill and Bertha V. Hill, his wife, as tenants by the entireties, their heirs and assigns in fee simple. This property was subject to a mortgage to Belmar Permanent Building and Loan Association, in the amount of $3,000, being a part of the purchase price and executed at the same time as the aforesaid deed. The appellee alleged that said mortgage has been paid in full although not released on the land records of Baltimore County.

After the execution of this deed Alexander J. Maskell and Bertha Elizabeth Kidd took possession of the property and occupied it until sometime in 1940, at which time they separated and have never lived together since. The appellee thereafter married William Hill, with whom she now resides. After the separation of these parties the property was rented and the appellee is advised that the rental has been $60 per month, all of which Maskell has collected and for none of which has he accounted to the appellee for her proportionate share. After the separation of the parties, by deed purported to have been executed by Harry A. Hill and Bertha V. Hill, his wife, dated November 5, 1941, and recorded among the land records of Baltimore County, this property was transferred to one of the appellants, Alexander J. Maskell. The appellee alleges that she never executed any deed to this property, and the deed transferring title to that appellant is fraudulent and void and in derogation of the

rights of the appellee in and to an undivided one-half interest in the property.

Thereafter on January 9, 1943, the appellants granted and conveyed this property unto Fred J. Van Slyke, which deed was recorded among the land records of Baltimore County.

On the same day, January 9, 1943, the said Fred J. Van Slyke, and his wife reconveyed said property to the said appellants, Alexander J. Maskell and Johanna D. Maskell, his wife, as tenants by the entireties, and this deed was also recorded among the land records of Baltimore County.

The appellee did not learn of the aforesaid transactions which she alleges to be fraudulent and void, until approximately three months before the filing of this bill of complaint and alleges that she has not been guilty of laches in failing sooner to prosecute this matter. She further alleges that the deeds hereinbefore referred to, except the deed to herself and the appellant, Maskell, are fraudulent and void and of no effect and do not deprive her of her legal undivided one-half interest in said property which she claims she and the appellant hold as tenants in common. She further alleges that the property hereinbefore described is not susceptible of partition and asked that it be sold and the proceeds divided among the parties entitled according to their respective interest.

She asks that the pretended deeds hereinbefore mentioned be declared void and of no effect and that they be vacated, annulled, and set aside by decree; that the appellant, Alexander J. Maskell, be required to account to her for her proportionate share of the rents and profits accruing from said property since the separation of the parties in the year 1940; that a trustee be appointed for the sale of said property and the proceeds distributed among those entitled thereto; and for further relief.

A demurrer was filed to this bill of complaint by the appellants. Although Belmar Permanent Building and

Loan Association and Fred J. Van Slyke were made parties defendant to the bill, they did not join in the demurrer. This demurrer states as special grounds that (1) the appellee is seeking aid of the Court of Equity in the enforcement of rights based on an illicit cohabitation which contravenes the settled public policy of the State of Maryland as to require a court of equity to refuse aid to either party; (2) the bill of complaint is based on the theory that the appellant and the appellee are tenants in common of fee simple real estate, that the appellee is now married to William Hill who is a necessary party to the case, but is not included as a party in the bill of complaint; (3) that the bill of complaint shows on its face a delay on the part of the appellee of three years and nine months in filing after the execution and recording of the deeds she seeks to set aside, and that although she claims that she did not learn of these transactions until approximately three months before the filing of the bill of complaint, she had constructive notice by the record of the deeds; and (4) that the claim for an accounting of rent is barred by limitation or laches at least as to such part as accrued before October, 1943.

The Chancellor by order on March 17, 1947, overruled the demurrer to this bill of complaint. From that order the appellants appeal.

The first and main special ground on which the appellants rest their demurrer is that equity should refuse to aid the appellee in the enforcement of rights based on illicit cohabitation which contravenes the settled public policy of this state. They argue that because Alexander J. Maskell and the appellee were living in an illicit relationship at the time the property in dispute was deeded to them that equity should refuse to aid either party in establishing their rights to the property. They rely on the cases of *Gotwalt v. Neal*, 25 Md. 434, and *Baxter v. Wilburn*, 172 Md. 160, 190 A. 773. The latter case was reviewed in the Maryland Law Review, Vol. II at page 291 and Vol. V at page 331.

In the case of *Gotwalt v. Neal, supra,* a bill was filed to set aside two deeds alleged to have been executed by Gotwalt without consideration and under duress of the appellee, and to have an account taken of certain personal property taken possession of by the appellee under the deeds. Gotwalt had been employed by Neal as a clerk and salesman and was accused of having embezzled large sums of money from his employer. The court found that the papers were executed "for the purpose of compounding a threatened prosecution for embezzlement." The court there decided that Gatwalt was not entitled to any relief, the law being well settled that contracts made in violation of law cannot be enforced. The court said in that case at page 446 of 25 Md:

"When, however, such contracts have been executed by the payment of the money thereon, or the conveyance and delivery of property, and application is made to a Court of Equity, by one of the parties to the contract, to grant him relief by ordering the money to be repaid or the property to be returned, the rule which seems to be best established, both by the weight of authority and reason, is to refuse to grant relief and to *leave the parties where they have placed themselves."* (Italics supplied here.)

In the case of *Baxter v. Wilburn,* 172 Md. 160, 190 A. 773, *supra,* Baxter, about the year 1928, with a wife living, began an illicit relationship with the appellee, Wilburn, then a widow, and continued in it for about seven years, the appellant and the appellee living together during most of that time. Baxter's wife died in 1933. In 1931 while the illicit relationship between these parties was continuing, the appellee expressed a wish for a home in the country. The appellant bought a home and had it conveyed according to an arrangement for the purpose of saving the property from his wife's conjugal rights, and also to save it for himself in case the appellee should die before he did. The deed was taken in the name of the appellee alone. At the same time a mortgage was executed by the appellee to the appellant being

withheld from record. The parties agreed that it should be recorded only in case the appellee died first and that she should be the custodian of the mortgage in the meantime. The appellee destroyed the mortgage. The parties having since quarreled and separated, the appellant brought his bill asking that she discover what she had done with the mortgage and if it had been destroyed the amount of it be declared a lien on the property in his favor; that a trustee be appointed to sell and satisfy the claim and that meanwhile the appellee be restrained from selling or encumbering the property. The chancellor, considering the transaction to be one in promotion of the illicit relationship and therefore one upon which no relief should be granted in equity, dismissed the bill. This court in affirming the decree of the chancellor pointed out that contracts based upon illicit sexual intercourse as the consideration, either past or present, or stipulating for such future intercourse, or *in any manner promoting or furnishing opportunity for unlawful cohabitation are void and unenforceable in equity*. Pomeroy Equity Jurisprudence, sec. 936; *Gotwalt v. Neal, supra; Lester v. Howard Bank*, 33 Md. 558, 563, 3 Am. Rep. 211; *Harrison v. Harrison*, 160 Md. 378, 384, 153 A. 58. *"Equity must, in the words of many decisions, leave the parties as they have left themselves. Vincent v. Moriarty*, 31 App. Div. 484, 52 N. Y. S. 519; *Harlow v. Leclair*, 82 N. H. 506, 136 A. 128, 50 A. L. R. 973; and note in Ann. Cas. 1916B, 114." (Italics supplied here.)

It therefore follows from the principle adopted by this court that where by reason of an illicit relationship the parties place themselves in the situation of having property deeded to them for the purpose of continuing their illicit relationship, the equity courts should leave the parties "where they have placed themselves," on the grounds of public policy. The court will neither set aside an executed contract, *e. g.*, a deed, nor enforce an executory contract, *e. g.*, a mortgage, at least an undelivered or otherwise uncompleted "equitable" mortgage.

From the allegations of the bill it is evident that this property was deeded to Alexander J. Maskell and the appellee for the purpose of a house in which to continue their illicit and unlawful relationship and that equity should refuse to aid them in the situation in which they have placed themselves thereby. The situation in which the parties place themselves in the case at bar is that of being owners under assumed names of the property deeded to them on August 14, 1937. The validity of the deed to them is not affected by the fact that their names in the deed were assumed names. *Tiffany, Real Property,* 3rd Ed., sec. 967; *Wilson v. White,* 84 Cal. 239, 242, 243, 24 P. 114; *David v. Williamsburg City Fire Ins. Co.,* 83 N. Y. 265, 268-270, 38 Am. Rep. 418; *Leroy v. Wood,* 113 Ind. App. 397, 400, 401, 47 N. E. 2d 604.

The deed of August 14, 1937 having vested title in the appellee as tenant in common or joint tenant, the deed of November 5, 1941 from "Harry A. Hill and Bertha V. Hill, his wife" is a forgery and a nullity. No judicial action is necessary to "annul" this nullity. Nevertheless, in view of the recording laws, the appellee doubtless would be entitled to have an apparent cloud on her title removed by a decree declaring the deed to be a forgery. Even such independent relief is now unnecessary, as it would be incidentally included in the relief prayed by way of sale in lieu of partition. Neither on the bill to remove a cloud on her title, nor on a bill for sale in lieu of partition, would the illicit relations between the appellee and Maskell and the morality or immorality of her past life have any relevancy to the title acquired by her under the deed of August 14, 1937. The alleged forged deed of November 5, 1941, was executed according to the bill of complaint after the parties had separated. It is void if executed, as alleged, and the subsequent deeds to the straw man and from him to the appellants affect only the half interest of Maskell and make him and his wife tenants in common with the appellee. Neither law nor morals would be vindicated by permitting a man to steal his former mistress's property by

forgery perpetrated after all personal or property transactions between them had come to an end. By Code 1939, Art. 16, Sec. 159, an equity court may decree a sale in lieu of partition of any land on the bill or petition of any joint tenant, tenant in common, or any parcener, or any concurrent owner under such allegations as are contained in the bill of complaint in this case. We are therefore of opinion that, under the allegations of the bill if proven, a trustee should be appointed to make the sale and distribute the proceeds among those entitled thereto.

The second special ground of appellants' demurrer is that as the bill of complaint is based on the theory that Alexander J. Maskell and appellee are tenants in common, and as the appellee is now married to William Hill he is a necessary party to the case but not included as a party in the bill of complaint. We see no force to this contention. In the case of *Mitchell v. Farrish,* 69 Md. 235, 14 A. 712, this court held that a sale for the purpose of partition under our statute law will bar the inchoate right of dower of the wife of a co-tenant in common; that the purchaser will take a clear title to the land; and that there is no necessity for making the wife a party to the partition proceedings. See also *Rowland v. Prather,* 53 Md. 232. If the inchoate right of dower of the wife is barred by partition proceedings, likewise the inchoate right of dower of the husband would be barred. Code 1939, Art. 45, Sec. 7. We therefore see no reason why William Hill should have been made a party to this proceedings even though appellee is a tenant in common of the property in dispute.

The appellants in this case claim as the third special ground for their demurrer that the bill of complaint is barred by laches on account of the delay on the part of the appellee in filing the bill. A co-owner is under no obligation to file a bill for partition unless or until she sees fit. Furthermore, the recording of a forged deed is not constructive notice to the owner whose signature is forged. The appellee did not learn of the

forgery until three months before filing the bill. Even if she owed any duty at all to the perpetrator of the forgery or his wife, there is nothing to indicate that they were injured by delay in filing the bill. *Croyle v. Croyle,* 184 Md. 126, 4 A. 2d 374.

As to the fourth special ground of demurrer, that the claim for rents and profits is barred by limitations or laches since 1940 and at least barred as to such part as accrued before October 7, 1943, we agree with the contention of the appellant that under the allegations of the bill any claim for rents and profits before October 7, 1943, is barred. The appellee contends that limitations or laches do not apply because the appellee was not aware of the transactions which gave rise to this action. *Sprangler v. Sprosty,* 183 Md. 166, 36 A. 2d 685; *Krauch v. Krauch,* 179 Md. 423, 426, 20 A. 2d 719. However, she should have been aware of her rights to a share of the rents and profits from the time she and Alexander J. Maskell separated in 1940, because she alleges in her bill of complaint that the property was rented after that time. She knew that she was not receiving the rents. If, as she alleges, she was a part owner of the property and entitled to part of the rent and desired that rent, she should have made an effort sooner to collect her proportionate share. If the remedy sought in equity is analogous to a remedy cognizable at law, and the statute of limitations prescribes a time within which the legal action must be instituted equity will follow the law and bar the action. *Grandberg v. Bernard,* 184 Md. 608, 42 A. 2d 118. The action of account, here prayed, is cognizable at law. By Art. 57, Sec. 1, 1939 Code, actions of account shall be commenced within three years from the time the cause of action accrued. We, therefore, are of opinion that the claim for rents and profits accruing from this property is barred by limitation before October 7, 1943, as the bill of complaint was not filed until October 7, 1946. The order overruling the demurrer will be affirmed.

*Order affirmed, with costs.*