Edwin KIRSCHNER and Eleanor Kirschner, Appellants,

v.

Rudolph KLAVIK, Appellee.

No. 3039.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 6, 1962.

Decided Nov. 28, 1962.

L. Lawrence de Nicola, Washington, D. C., for appellants.

Rutherford Day, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

MYERS, Associate Judge.

Appellee Klavik, an architectural draftsman, and his employer, Goenner, a registered architect in Maryland, brought this action to recover for architectural services performed for the appellants, Mr. and Mrs. Kirschner, pursuant to an oral contract. The trial court found for Klavik but against the employer, who is not a party to this appeal.

The Kirschners' primary contention here is that appellee is precluded from recovery as the contract was illegal because Klavik was not a licensed architect as required by the State of Maryland [1] where the services were rendered. Klavik claims that when he entered into the contract, he was acting as agent for his employer, Goenner, a legally qualified architect in Maryland.

It is plain that this was an oral agreement reached in Maryland and com-

---

[1]. Article 43, § 515 of the Code of Maryland declares that in order to safeguard life and health only registered persons may hold themselves out as architects. § 516 provides:

"Architect, as used in this subtitle, is defined to mean any person who holds himself out as able to perform or who does perform any professional service, such as consultation, investigation, planning, including aesthetic and structural design, or responsible supervision of construction, in connection with any private or public buildings, structures, or projects, or the equipment or utilities thereof, or the accessories thereto wherein the safeguarding of life, health or property is concerned or involved * * *."

§ 525 makes it a misdemeanor to violate any provision of the subtitle.

pleted there. Under these circumstances, the laws of Maryland govern as to matters of substance.

■ Generally, a contract made in violation of a Maryland statute designed for police or regulatory purposes is void and confers no rights upon the wrongdoer.[2] Neither can the wrongdoer sue in quasi-contract for the value of his services or for the value of the benefits conferred upon the other party.[3] This is true even where, as was shown here, the appellants entered into the contract with appellee knowing he was not duly licensed under the local statute as an architect. Therefore, the real question is whether Klavik at the time of the contract was acting as an agent for his employer, Goenner, a duly licensed architect in Maryland, or as a principal on his own behalf. If he acted as agent, the contract was legal; but if he acted as principal, the contract was illegal because he had no license as required by the Maryland statute.

■ Although there are no findings of fact by the trial judge as to the basis for denying the right of the alleged principal, Goenner, to recover from appellants, the ruling adverse to Goenner does have some bearing upon the factual weakness of Klavik's contention that he was acting only as "agent" in the transaction. Goenner's statement that appellee was his "agent" was only a conclusion; and it is clear from the rest of his testimony that by that term he did not mean to indicate a legal relationship of principal and agent but merely that he had assumed a consultant capacity during the progress of the work by Klavik and would be responsible for its quality. Goenner specifically denied that he had granted authority to Klavik to bind his firm on any part of the agreement with appellants; hence he did not acquire any rights, contractual or quasi-contractual, under the illegal pact made by appellee.

We are convinced that Klavik was acting for himself alone in his negotiation of the contract, without a license to do so. Being a wrongdoer under Maryland law, he cannot recover, either upon the basis of contract or *quantum meruit*.

Reversed with instructions to enter judgment for appellants.

---

2. Schloss v. Davis, 213 Md. 119, 131 A.2d 287, 291; Van Meter v. Wilkinson, 187 Md. 492, 50 A.2d 557. The same rule is also recognized by this court: Holiday Homes v. Briley, D.C.Mun.App., 122 A. 2d 229, 231; Rubin v. Douglas, D.C. Mun.App., 59 A.2d 690.

3. " * * * one who has given illegal consideration or performed in whole or in part illegal acts stipulated for in a contract cannot recover reasonable compensation for what he has done. In other words, it is entirely immaterial that the defendant in fact has been benefited if the bargain is of a seriously illegal nature or is prohibited by statutes." 6 Williston, Contracts (rev. ed.) § 1787; Restatement, Contracts § 598, Comment c.