### MICHAEL J. QUEEN v. ELOISE MOORE AGGER

[No. 58, September Term, 1979.]

*Decided March 26, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ▌ORTH, COLE and DAVIDSON, JJ.

*Vernon G. Haas,* with whom was *James A. Cleaver* on the brief, for appellant.

*Oliver Denier Long* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

Maryland's Workmen's Compensation Act, Md. Code (1957, 1979 Repl. Vol.), Art. 101, §§ 1 — 101, effective 16 April 1914, is designed to protect workers and their families from hardships inflicted by work-related injuries. *Edgewood Nursing Home v. Maxwell,* 282 Md. 422, 426, 384 A.2d 748, 751 (1978); *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 268, 284, 101 A. 710, 711, 716 (1917). More particularly, it is designed to provide workers with compensation for loss of earning capacity resulting from accidental injury, disease or death arising out of and in the course of employment, to provide vocational rehabilitation, and to provide adequate medical services. *Bethlehem-Sparrows Point Shipyard, Inc. v. Damasiewicz,* 187 Md. 474, 480, 50 A.2d 799, 802 (1947); *Liggett & Myers Tobacco Co. v. Goslin,* 163 Md. 74, 80, 160 A. 804, 807 (1932). *See Report of the National Commission on State Workmen's Compensation Laws* (1972).

With respect to medical services, § 37 (a) provides in pertinent part:

> "In addition to the compensation provided for herein *the employer shall promptly provide* for an injured employee, *for such period as the nature of the injury may require, such medical, surgical or other attendance or treatment,* nurse and hospital services, medicines, crutches, apparatus, artificial hands, arms, feet and legs and other prosthetic appliances *as may be required by the Commission* . . . ." (Emphasis added.)

Section 37 (e) provides:

> "*The Commission shall have full power to adopt rules and regulations with respect to furnishing medical,* nurse, hospital *services* and medicine to injured employees entitled thereto and *for the payment therefor.*" (Emphasis added.)

Section 37 (c) provides:

> "*All fees and other charges* for such treatment and services *shall be subject to regulation by the Commission, and shall be limited* to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living." (Emphasis added.)

Section 57 provides in pertinent part:

> "*No person shall charge or collect any compensation . . . for services or treatment rendered or supplies furnished pursuant to § 37 of this article, unless the same be approved by the Commission.*" (Emphasis added.)

This case presents the question whether, under § 57, a health care provider may enforce a contract the result of which is to require an eligible injured employee to pay an amount greater than the amount approved by the Commission and paid by the employer or its insurer for services which the Commission requires the employer to provide under § 37.

The facts in the record, the concessions made by the appellee's counsel in his brief and at oral argument, and the rational inferences deduced from these facts and concessions, show that the appellant, Mr. Queen (claimant), was injured in an industrial accident. He was treated by a neurosurgeon whose services were provided by the employer. As a result of the nature of the claimant's injuries, the neurosurgeon referred him to the appellee, Mrs. Agger (health care provider), a licensed clinical social worker, for psychotherapy. At the beginning of treatment on 3 August

1976, she and the claimant entered into an oral contract in which she agreed to treat him, and he agreed to be responsible for the payment for her services.

During the course of treatment, she learned that the claimant had been injured in an industrial accident that was covered by workmen's compensation. In addition, the claimant told her he hoped that because his injury was covered, he would be reimbursed by the employer's insurer. Indeed, he asked the health care provider to attend a Commission hearing with him.

Between 3 August 1976 and 28 January 1978, she provided approximately 160 hours of treatment, and her total bill was $5,200. She received $3,160 from the employer's insurer, which apparently was the amount approved by a Commission award. As of 17 August 1978, $2,040 remained unpaid.

In the District Court of Maryland sitting in Montgomery County, the health care provider sued the claimant to enforce the oral contract and to recover the difference between the amount she had charged and the amount approved by the Commission and paid by the employer's insurer. The court entered judgment in favor of the health care provider. The Circuit Court for Montgomery County affirmed. Motions for Revision of Judgment were denied.

The claimant filed a petition for a writ of certiorari. The health care provider neither filed an answer, Md. Rule 811b, nor a cross-petition for certiorari, Md. Rule 812 b. This Court granted a writ of certiorari.[1] We shall reverse.

The language of § 57 is clear and unambiguous. Health care providers rendering services which, under § 37, the

---

1. In a motion to dismiss, the health care provider contends that the question whether the Workmen's Compensation Act prevents a health care provider from enforcing a contract to pay more than the Commission approves, was not raised or decided below, and therefore under Md. Rule 885, is not preserved for review. Because it was not raised in an answer or cross-petition, or encompassed in our order granting certiorari, this contention is not before us. Dempsey v. State, 277 Md. 134, 141-43, 355 A.2d 455, 458-60 (1976). See Walston v. Sun Cab Co., 267 Md. 559, 569, 298 A.2d 391, 397 (1973). The health care provider's motion to dismiss is denied.

Commission requires an employer to provide are prohibited from charging or collecting an amount greater than that approved by the Commission. This prohibition effectuates the statutory purpose of protecting the economic integrity of injured employees by preventing unreasonable or excessive charges for health care services. *See Bell v. Samaritan Medical Clinic, Inc.,* 60 Cal. App. 3d 486, 491, 131 Cal. Rptr. 582, 586 (1976); *Szold v. Outlet Embroidery Supply Co.,* 274 N.Y. 271, 279, 8 N.E.2d 858, 860 (1937); *Worley v. Pipes,* 229 N.C. 465, 472, 50 S.E.2d 504, 509 (1948). A contract which permits a health care provider to collect an amount for services rendered under § 37 which is greater than that approved by the Commission violates the statute. Contracts which violate statutes will not be enforced. *See, e.g., Downing Development Corp. v. Brazelton,* 253 Md. 390, 398-400, 252 A.2d 849, 854-55 (1969) (contract for sale of corporate assets); *Thorpe v. Carte,* 252 Md. 523, 528-30, 250 A.2d 618, 621-22 (1969) (contract for division of commission between licensed real estate broker and unlicensed individual); *Van Meter v. Wilkinson,* 187 Md. 492, 496-99, 50 A.2d 557, 559-60 (1947) (contract by retired army officer to assist in prosecuting a claim against United States); *Goldsmith v. Manufacturer's Liability Ins. Co.,* 132 Md. 283, 286, 103 A. 627, 628 (1918) (contract by unlicensed insurance broker); *Webb v. Haeffer,* 53 Md: 187, 190 (1880) (agreement to hold mortgage sale outside county where mortgaged property situated).

Here the facts establish that the psychotherapeutic services performed by the health care provider were those which, under § 37, the Commission required the employer to provide for this claimant; that the Commission approved the appropriate amount to be charged for those services; and that the health care provider accepted payment of that amount from the employer's insurer. The oral contract between the health care provider and the claimant resulted in charges for services provided under § 37 which were in excess of the amount approved by the Commission. Such a

contract violates the statute and will not be enforced.[2] We shall reverse.[3]

> *Motion to dismiss denied.*
> *Judgment reversed.*
> *Costs to be paid by appellee.*

---

**2.** The facts here do not present the question whether a contract between a health care provider and an eligible, injured employee may be enforced where no part of the charge for services required under § 37 (a) is claimed by the employee or the health care provider or paid by the employer or its insurer. We therefore do not consider whether such a contract is in violation of the statute and unenforceable.

**3.** In view of this decision, the claimant's remaining questions need not be considered.