## THE PEOPLE v. ROSWELL C. SHARP.

*Forgery of mortgage—Acknowledgment and attestation—Proof of contents of document—Evidence—Information.*

1. Forgery may be committed with respect to a mortgage; and for the purpose of a prosecution the acknowledgment may be treated as part of the instrument, though neither an acknowledgment nor witnesses are needed to make the mortgage binding as security.

2. The forgery and uttering of a bond or note and of the mortgage which secures it are connected transactions and can be joined in the same information.

3. On a prosecution for the forgery of a mortgage with the purpose of defrauding, everything tending to explain the fraud and its extent and character can be shown, such as matters relating to the ownership and value of the premises which the mortgage purported to cover. And respondent's representation to the persons defrauded that he was the owner of the mortgaged property, together with the preparation of the papers, their retention for signature, and their return signed, constitute a sufficient chain of facts to prove forgery as well as uttering.

4. In prosecuting for the forgery of an instrument it may be shown by the person named as taking the acknowledgment that he did not sign the paper; and the same may be shown by the person purporting to be a subscribing witness even though he be not named in the information.

5. A contract is complete as such without subscribing witnesses, and in setting out its purport in an information the names of witnesses need not be given.

6. A witness who has sufficiently explained his failure to preserve a document may properly be allowed to state its contents.

7. Where the genuineness of an instrument is contested, the sheriff's testimony that he is unable to find or hear of any such person as purports to have witnessed it, is admissible as tending to show that the attestation was fictitious; the extent of the sheriff's search and opportunities affects the weight of his testimony, but not its competency.

Error to Shiawassee. (Newton, J.) April 18.—April 30.

FORGERY. Respondent brings error. Affirmed.

*Hugh McCurdy* for respondent appellant.

Attorney General *Van Riper* for the People.

CAMPBELL, J. Respondent was convicted of the forgery and uttering of a note and mortgage purporting to have been made by Albert C. Bennett, payable to James A. Beebe or bearer, for $500, with intent to defraud Beebe who lives at Owosso.

Respondent, on September 15, 1881, went to Beebe, representing himself to be A. G. Bennett, living in Elsie, and wanted to borrow $500. On Beebe's objecting that he was a stranger, he proposed to get a line from Mr. Jones, a family connection of Beebe, and afterwards came back with such a paper representing the value of Bennett's farm to be from $3000 to $5000. They then went to Mr. Stewart's bank and had the papers made out, and respondent took them away for signature and acknowledgment. He brought them back executed, and Beebe gave him the money.

The exceptions taken present no questions not already settled, and need but brief reference. It was held in *People v. Caton* 25 Mich. 388, that a mortgage is within the statutes against forgery. It is too familiar doctrine to need authority that neither witnesses nor acknowledgment are necessary to make a mortgage actually binding as a security. *People v. Marion* 29 Mich. 31. It was also held in the latter case that the acknowledgment may be properly treated as a part of the conveyance itself. It was further held in *Van Sickle v. People* 29 Mich. 61, that a bond and mortgage given to secure it form such a connected transaction that there is no impropriety in including the forgery and uttering of both in the same prosecution. The same rule would of course apply to a note. It was further held in *People v. Marion* that all circumstances tending to explain the fraud and its extent and character, may be shown. This doctrine covers such objections as relate to the ownership and value of Bennett's farm, and all the surroundings which entered into the scheme of respondent to accomplish his crime.

The representation of respondent to Beebe and Jones that he was Mr. Bennett, the owner of the Bennett farm, the preparation of the papers, their retention for signature, and their return signed, make up a sufficient chain of facts to prove

forgery as well as uttering. It was also proper to show by the supposed acknowledging officer and subscribing witness (although the latter was not named in the information) that they did not sign the papers. It is not necessary in setting out the legal purport of a paper to give the names of subscribing witnesses. As a contract it is complete without them.

As Beebe explained sufficiently the failure to preserve the note sent to him by Jones, there was no reason why he could not be allowed to state its contents. The sheriff's testimony of his inability to find or hear of any such man as the one whose name appeared as the second subscribing witness, was properly received. There is no other way of showing that a name is fictitious. The extent of his search and opportunities would go to the weight, but not to the competency, of his testimony. *People v. Marion*, supra.

As the sentence was within the limit allowed by statute, there is no reason for disturbing the judgment. No errors appear, and

The judgment must be affirmed.

The other Justices concurred.