SERIAL BUILDING LOAN AND SAVINGS INSTITUTION, complainant,

*v.*

JOHN H. EHRHARDT et al., defendants.

[Submitted January 20th, 1924. Decided March 20th, 1924.]

One who advances money to pay off a valid mortgage, taking in good faith a mortgage executed by the owner of the property and a woman represented to be his wife, is entitled to be subrogated to the valid lien of the extinguished mortgage, as against the true wife and her heirs.

On bill to foreclose.

*Messrs. Morrison, Lloyd & Morrison,* for the complainant.

*Messrs. Mackay & Mackay,* for the defendants.

BENTLEY, V. C.

This is a suit to foreclose a mortgage.

On June 28th, 1922, the defendant John H. Ehrhardt was the owner of certain premises in Bergen county, and borrowed thereon from the complainant $3,000 and gave his bond, secured by a mortgage upon the premises mentioned. The mortgage purported to have been also executed by his wife. This is the mortgage sought to be foreclosed.

Previously, and on April 26th, 1915, the defendants Ehrhardt and his wife had executed a mortgage to secure the payment of $2,400 to the complainant. the same mortgagee. At the time the complainant made the second loan there remained due upon the prior mortgage the sum of $1,351.73, and this sum was retained by the complainant out of' the $3,000 loaned, and with it the prior mortgage was satisfied and canceled of record.

The mortgage for $3,000 (the second one in point of time) was not signed by Mrs. Ehrhardt, but her name was forged thereunto. The complainant prays a sale of the mortgaged premises and distribution of the proceeds as follows: (a) to the complainant the sum of $1,351.73, the amount paid on account of the former mortgage, with interest and costs; (b) to the defendant Mrs. Ehrhardt the present value of her inchoate right of dower in the balance then remaining; (c) to complainant the balance due it; (d) to the second mortgagee the amount of her mortgage, and (e) any sum of money then remaining to be deposited with the clerk. The defendant Mrs. Ehrhardt maintains that there should be no decree against her as to the $3,000 mortgage, because she was not a party to it, and that her condition should not be changed by an act to which she never consented and which was the result of the complainant not exercising the degree of care proper under the circumstances, and that recourse to the other mortgage should not be had, because it has been canceled.

When Ehrhardt, the owner of the land and the man who had formerly secured a loan from the complainant, applied to it for a larger loan, the complainant made the usual investigation and search and, upon determining to grant the request, sent the mortgage to a commissioner of deeds before whom a woman appeared and was introduced to him as the mortgagor's wife. The complainant was located and doing business in the city of New York, and the property upon which the mortgage was taken was in the suburbs in this state. The commissioner of deeds testified that he was acquainted with Ehrhardt, who brought a woman to his office and introduced her to him as Mrs. Ehrhardt. Our statute does not require, as those of some states do, that the officer taking an acknowledgment shall personally know or be acquainted with the grantor, but only that he shall be "satisfied" that the person executing an instrument is the one named therein. I think that even a very careful officer would take the acknowledgment of any woman introduced

to him by a man with whom he was acquainted as the latter's wife.

The complainant prays that it be subrogated to the rights it had under the prior mortgage, which it canceled upon receiving the mortgage that it concedes to be defective and for the foreclosure of which its bill was filed. It relies upon the decision in *Barnett* v. *Griffith, 27 N. J. Eq. 201,* while the defendant maintains that, under the authority of *Gaskill* v. *Wales, 36 N. J. Eq. 527,* its right of subrogation has been lost. I do not think this latter case applies to the one now awaiting decision. In that case the pertinent part of the decision of Chancellor Runyon, reversing the circuit court of Burlington county, turned exclusively upon the intervening equities of third parties who stood in the position of *bona fide* purchasers without notice, as was the situation in *Rankin* v. *Coar, 46 N. J. Eq. 566.* In *Gaskill* v. *Wales, supra,* the circuit court undertook to apply *Barnett* v. *Griffith,* but the court of errors and appeals reversed, on the distinction I have just pointed out. Of course, the doctrine of subrogation being purely equitable, will accordingly be applied only in an equitable discretion and with a due regard to the legal and equitable rights of others, as was said in *Gaskill* v. *Wales.*

In *Barnett* v. *Griffith* the facts pertinent in this discussion were, that the owner of real estate, encumbered by two mortgages, borrowed the sum of $2,500 to pay off the existing mortgage and make some improvements. His wife joined with him in the new mortgage, but when the mortgagee therein foreclosed she set up the defense of infancy at the time the mortgage was executed. Nevertheless, Chancellor Runyon who, it will be recalled, wrote the opinion in *Gaskill* v. *Wales, supra,* said:

"The complainant advanced the money paid on account of those two mortgages on the security of his mortgage, and to release the mortgaged premises from the encumbrance of those mortgages, which were prior liens to his mortgage and to the claims of the lien claimants. He is entitled to be subrogated to the rights of the mortgagee under those mort-

gages, to the extent of the money paid and interest thereon."

These facts and those of the case at bar are so similar as to make this authority controlling.

This is in line with the overwhelming, if not unanimous, rule to be found in all the jurisdictions. Pomeroy, in his work on Equity Jurisprudence, lays it down, as will be found in sections 1211, 1212 and 2346. In addition, a wealth of authorities are collected in *5 L. R. A.* (*N. S.*) *838;* *46 L. R. A.* (*N. S.*) *1049,* and *50 L. R. A.* (*N. S.*) *489.* A case on all-fours in found in *Gordon* v. *Stewart, 96 N. W. Rep. 624,* where it was held that one who had advanced money to pay off a valid mortgage, taking in good faith a mortgage executed by the owner of the property and the woman with whom he was living as his wife, was entitled to be subrogated to the valid lien of the extinguished mortgage, as against the true wife and the heirs. Where the owner of property, charged with two mortgages, sold his equity of redemption without disclosing the existence of the second mortgage, it was held by the house of lords in *Whiteley* v. *Delaney, 1914; A. C. 132,* that he was entitled to be subrogated, on the ground that to protect the equity of redemption he had advanced the money to pay off the first mortgage without any knowledge or notice of the rights of the second mortgagee. The supreme court of the United States in *MacGreal* v. *Taylor, 167 U. S. 688,* held that one who loans money to a minor, whose infancy is not disclosed, on the supposed security of a deed of trust which is subsequently disaffirmed because of the infancy, is entitled to be subrogated to prior liens which were paid off with the money loaned.

In the case in hand, Mrs. Ehrhardt does not deny the validity of the prior mortgage by which she was bound. To restore the complainant to its rights under that mortgage will cause her no loss that she would not have been liable to sustain had the defective later mortgage never been made. Under no circumstances appearing in this case could she escape liability to the extent of $1,351.73. It would be a most inequitable decision that would declare dissolved the

lien upon the property in which she claims an inchoate right of dower, and so defeat that much of the consideration which she and her husband had received upon a valid instrument that no longer exists through no fault of the complainant whose money she had enjoyed. It was she who set up the earlier mortgage in her answer and astonished the complainant by pleading a forgery in the later mortgage, and, under the replication of the complainant, she has been afforded full opportunity to litigate any defense she might have been able to prove against the mortgage upon which $1,351.73 was due when the complainant paid it. The building and loan association was not a volunteer, a mere intermeddler. It had a right to protect its interest in seeing that the earlier mortgage was paid off. *Pom. Eq. Jur.* §*2346.*

Under the authorities to which I have referred and the plain equity of the suit, I will advise a decree of foreclosure and a sale, and that out of the proceeds thereof payments be made in the proportions and order of priority prayed.