REALTY BUILDING AND SAVINGS ASSOCIATION OF BALTIMORE CITY *v.* JOHN W. GORSUCH, ET AL.

[No. 71, October Term, 1941.]

186

Decided January 13, 1942.

Reargument denied March 31, 1942.

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Alex W. Spedden, Jr.*, with whom was *F. Wm. Ortman* on the brief, for the appellant.

*Aaron J. Simon* submitted on brief for the appellees.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court No. 2 of Baltimore City overruling the demurrer filed by appellants to appellee's first amended bill of complaint, with leave to the defendant to answer the same within thirty days from date.

The amended bill was for discovery, for the appointment of a receiver and an injunction and for dissolution of the corporate defendant, and attached thereto are six interrogatories to be answered by the defendant under oath.

The first as well as the amended bill of complaint was filed by John W. Gorsuch and Emma E. C. Gorsuch, his wife, while subsequent to the original bill of complaint, Nettie Gehb applied for leave to intervene as a party plaintiff, and was made a party plaintiff in pursuance of an order of court. On June 2, 1941, upon petition of Lloyd M. Frech and Illda Frech, his wife, they too were made parties plaintiff, so that there are now five plaintiffs to the amended bill of complaint, which in effect states that Gorsuch and wife have been members of the defendant corporation since August 31, 1914, and have a free-share account amounting to $964.35; that the respondent is a body corporate under the laws of the State of Maryland, for the purpose of conducting a building and loan association, its business generally being to receive funds from its members in the form of subscriptions to shares in the association, and loaning funds to other members of the association upon security, and for some years the defendant actually conducted its business in the aforesaid manner; that for sometime past the plaintiffs have been trying to get their funds from the respondent and have made repeated demands upon it for the same, and being unable to obtain the same, on February 7, 1941, they gave the respondent written notice under the by-laws, a copy being filed and marked "Complainants' Exhibit No. 1," in which they stated they desired to

withdraw all their money, being the sum of $964.35, in Book No. 5301, which is marked as "Complainants' Exhibit No. 2." The amended bill then states that the plaintiffs are advised that the respondent is heavily indebted unto other persons; that the respondent has practically discontinued doing business, and the only loans they have made in the past eighteen months were a loan secured by a second mortgage for $350 on property 2420 Wilkens Avenue, and another loan, which is also a second mortgage of $350, to John J. Watts and Josephine Watts on property No. 1615 North Patterson Park Avenue; that the respondent is totally insolvent and unable to pay its just debts as they lawfully become due in the usual course of business, is doing business at a loss, and its assets are being wasted to the detriment of the free shareholders of the respondent.

Then follows an allegation that several free shareholders, in various amounts, have since May 24, 1939, instituted suits in the Circuit Court No. 2 of Baltimore City against appellant for a receiver; that such cases were latter dismissed, upon payment of costs by appellant, with the further averment of other suits now pending and undisposed of in said court against appellant, as well as an allegation that other suits had been docketed against it in the Circuit Court of Baltimore City.

It is further alleged that the assets of the respondent association are insufficient to pay the claims of creditors and shareholders, but notwithstanding this fact, payments have been and are being made to some of said shareholders in preference to others, and unless the court intervenes and appoints a receiver to take charge of the assets of the respondent and preserve and administer the same under the jurisdiction of the court for the benefit of all the parties interested therein, preference is likely to result by some of the creditors of the said respondent, whose assets will be further depleted.

The bill prays that a receiver may be appointed to take possession of the assets of the respondent and administer the same under the jurisdiction of the court; that the court pass an order restraining respondent from paying any money unto any of its shareholders until further order of the court, and that the court may dissolve said respondent corporation in accordance with the statute, and for such other relief as the exigencies of the case may seem to disclose.

For the purposes of demurrer, all well pleaded facts alleged in the bill, together with the inferences drawn therefrom are accepted as true. *Schenker v. Moodhe,* 175 Md. 193, 200 A. 727; *Scher v. Becker,* 163 Md. 199, 161 A. 167; *McInnes v. McInnes,* 163 Md. 303, 163 A. 85; *Levin v. Levin,* 166 Md. 451, 171 A. 77; *Zalis v. Orman,* 175 Md. 100, 199 A. 877; *Engle v. United States F. & G. Co.,* 175 Md. 174, 200 A. 827.

It will be observed that the exhibits on which the plaintiffs depend are (1) the pass book, and (2) the notice to withdraw the funds which the plaintiffs have in the association, both of which are filed with the bill. It is further alleged in paragraph 3 that respondent is indebted unto other persons, the amount of which is unknown to your complainants, and that the respondent has practically discontinued doing business, and the only loans made in eighteen months were two of $350 each, subject to first mortgages. In paragraph 4, it is alleged that the respondent is totally insolvent and unable to pay its just debts as they lawfully become due in the usual course of business, and is at the present time doing business at a loss, and its assets are being wasted to the detriment of the free shareholders of the said respondent. It then recites numerous instances in which various free shareholders have filed their bills of complaint in the Circuit Court No. 2 of Baltimore City to recover their free-share money, and that those proceedings terminated finally by dismissal, with costs

upon respondent. It concludes by asserting that the assets of the respondent are insufficient to pay in full its claims of its creditors and shareholders, but notwithstanding which fact, payments have been and are being made to the shareholders in preference to others.

Even assuming the necessity for alleging the numerous instances set out in the fourth paragraph, it does not follow, according to the contention of appellant, that certified copies of all those instruments showing the termination of the suits should be filed with the bill. They do show, however, that while the defendant has done but little business in the past two years, it has within that period been called upon to satisfy numerous claims, not the claims to be sure on which these parties rely, but the claims of others.

The filing of the notice in the bill of complaint and their passbook as exhibits, plus the allegation in the fifth paragraph that the association is unable to pay in full the claims of creditors and shareholders is sufficient to give the court jurisdiction, the other allegations being merely additional reasons or conclusions for asserting the other facts.

Appellant further contends that because under the by-laws, Article 18, it provides that "and member may withdraw from the association any or all the unredeemed shares held by him upon a written notice thereof to the board of directors, who shall refund the amount as soon as the requisite funds are in the treasury," it is not compelled at this time to pay the sum due the plaintiffs, because there is no showing that requisite funds are in the treasury. We think this contention is untenable, since obviously the by-laws were drawn with a view to the solvency of the corporation, and it is useless to speculate as to why, if it has sufficient funds in the treasury, it would not forthwith pay over to the plaintiffs the amount due them. On

the contrary, it is a fair inference that its failure to do so after notice is because the treasury is depleted and will be further depleted if the allegations of the plaintiffs' bill are true, so that it is impossible to predict as to when, if ever, such funds would be in the treasure. This consideration alone is sufficient to show that Article 18 of the by-laws has no application to the situation before the court.

This is not a case where the unfavorable balance exists momentarily, but has been going on several months, and in view of the other allegations of the bill of complaint we cannot hold that the respondent is seeking some effort to work out of temporary embarrassing conditions.

The amended bill is supported, first, by the admitted fact that there is due and owing the plaintiffs the money shown by their passbook, and, second, that in February, 1941, they asked for it and have not been paid. This, with the other allegations that its assets are insufficient to pay the full amount of the creditors and free shareholders, is sufficient to require an answer, unless we assume that Article 18 of the by-laws is controlling and this, for the reason stated, we cannot do.

It is conceded that the application to withdraw the balance of the money shown on Book 5301 in the names of the plaintiffs is sufficient to make them creditors.

The order of the chancellor overruling the demurrer and requiring the defendant to answer the said amended bill of complaint within thirty days was free from error and will be affirmed.

*Order affirmed, with costs, and the cause remanded.*