LUCILLE M. HARDING *v.* JA LAUR CORPORATION ET AL.

[No. 400, September Term, 1973.]

*Decided February 15, 1974.*

210

The cause was argued before GILBERT, MENCHINE and DAVIDSON, JJ.

*Charles W. Bell* and *Michael J. Ragland,* with whom were *John T. Bell, Frank S. Cornelius* and *Bell & Bell* on the brief, for appellant.

*Courtland K. Townsend, Jr.,* and *Stephen P. Johnson, Assistant County Attorney for Montgomery County,* with whom were *Richard S. McKernon, County Attorney for Montgomery County, Alfred H. Carter, Deputy County Attorney for Montgomery County,* and *Nadonley & Townsend* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

A demurrer to the third Amended Bill of Complaint that had been brought by Mrs. Lucille M. Harding against Ja Laur Corporation, Macro Housing, Inc., a corporation and Montgomery County, Maryland, a municipal corporation,

was sustained without leave to amend. The bill alleged that a deed [1] had been obtained from the appellant through fraud practiced upon her by the agent of Ja Laur Corporation. The bill further averred that the paper upon which the appellant had affixed her signature was "falsely and fraudulently attached to the first page of a deed identified as the same deed" through which the appellee, Ja Laur Corporation, and its assigns, the other appellees, claim title.

The issue presented by this appeal is, did the Bill of Complaint allege a forgery, thus requiring the demurrer to be overruled. Our answer is, for the reason stated *infra*, in the affirmative.

There is no dispute that the appellant signed some type of paper. Her claim is not that her signature was forged in the normal sense, *i.e.*, someone copied or wrote it, but rather that the forgery is the result of an alteration. Mrs. Harding alleges that at the time that she signed a blank paper she was told that her signature was necessary in order to straighten out a boundary line. She represents that she did not know that she was conveying away her interest in and to a certain .1517 acres of land in Montgomery County.

The parcel of land that was conveyed by the allegedly forged deed is contiguous to a large tract of real estate in which Ja Laur and others had "a substantial interest." It appears from the bill that Mrs. Harding's land provided the access from the larger tract to a public road, so that its value to the appellees is obvious. Mrs. Harding excuses herself for signing the "blank paper" by averring that she did so at the instigation of an attorney, an agent of Ja Laur, who had "been a friend of her deceased husband, and . . . represented her deceased husband in prior business and legal matters, and that under [the] circumstances [she] did place her complete trust and reliance in the representations made to her . . ." by the attorney.[2] The "blank paper" was signed "on or about April 2, 1970." Mrs. Harding states that she did not learn of the fraud until the "summer of 1972." At

---

1. The deed was not part of the record.
2. Not counsel of record.

that time an audit, by the Internal Revenue Service, of her deceased husband's business revealed the deed to Ja Laur, and its subsequent conveyance to the other appellees.[3]

In *Smith v. State,* 7 Md. App. 457, 460-61, 256 A. 2d 357, 360 (1970), we said that:

> "Forgery has been defined as a false making *or material alteration, with intent to defraud,* of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. *Reddick v. State,* 219 Md. 95, and authorities cited at page 98. More succinctly, forgery is the fraudulent making of a false writing having apparent legal significance. *Nelson v. State,* 224 Md. 374. It is thus clear that one of the essential elements of forgery is a writing in such form as to be apparently of some legal efficacy and hence capable of defrauding or deceiving." (Footnote omitted). (Emphasis supplied).

*Perkins, Criminal Law* ch. 4, § 8 (2d ed. 1969) states, at 351:

> "A material alteration may be in the form of (1) an addition to the writing, (2) *a substitution of something different in the place of what originally appeared,* or (3) the removal of part of the original. The removal may be by erasure or in some other manner, such as by cutting off a qualifying clause appearing after the signature." (Footnotes omitted). (Emphasis supplied).

A multitude of cases hold that forgery includes the alteration of or addition to any instrument in order to defraud. *See 2 Wharton's Criminal Law and Procedure* § 632, n. 7 (Anderson ed. 1957). That a deed may be the subject of a forgery is beyond question. Md. Ann. Code Art. 27, § 44; *Maskell v. Hill,* 189 Md. 327, 55 A. 2d 842 (1947); *People v.*

---

**3.** There is no explanation as to the payment of the property taxes for the years 1971 and 1972.

*Sharp,* 53 Mich. 523, 19 N. W. 168 (1884); *State v. Fisher,* 65 Mo. 437 (1877); *Clark and Marshall, A Treatise on the Law of Crimes* § 12.31 (6th ed. Wingersky rev. 1958).

The Bill of Complaint alleges that the signature of Mrs. Harding was obtained through fraud. More important, however, to the issue is whether or not the bill alleges forgery. In our view the charge that appellant's signature was written upon a paper, which paper was thereafter unbeknown to her made a part of a deed, if true, demonstrates that there has been a material alteration and hence a forgery.[4] While the articulation of the "forgery" in the Bill of Complaint leaves much to be desired, it, nevertheless, is sufficient to state the claim.

It is elementary that a demurrer, for the purpose of the demurrer only, has the effect of admitting the truth of the facts alleged in a Bill of Complaint. *Hall v. Barlow Corporation,* 255 Md. 28, 255 A. 2d 873 (1969); *Parish v. Milk Producers Assn.,* 250 Md. 24, 242 A. 2d 512 (1968); *Killen v. Houser,* 239 Md. 79, 210 A. 2d 527 (1965); *Brack v. Evans,* 230 Md. 548, 187 A. 2d 880 (1963); *Bldg. and Sav. Assn. v. Gorsuch,* 180 Md. 185, 23 A. 2d 672 (1942). Applying that principle to the instant case, the allegation of forgery in the Bill of Complaint was admitted, and the hearing judge should not have sustained the demurrer as to the appellee, Ja Laur Corporation.

We turn now to the discussion of whether *vel non* the demurrers of Macro Housing, Inc. and Montgomery County, the other appellees, should have been sustained. There was no allegation in the bill that their agent had perpetrated the fraud upon Mrs. Harding. If they are to be held in the case, it must be on the basis that they are not *bona fide* purchasers without notice. The title of a *bona fide* purchaser, without notice, is not vitiated even though a fraud was perpetrated by his vendor upon a prior title holder. *Silver v. Benson,* 227 Md. 553, 177 A. 2d 898 (1962); *Banking Co. v. Fed. and Dep. Co.,* 165 Md. 657, 170 A. 544 (1934); *Houston v. Wilcox,* 121

---

4. In oral argument we were advised that the "paper" was not notarized at the time of signing, but that an acknowledgment now appears in the "deed."

Md. 91, 88 A. 32 (1913). A deed obtained through fraud, deceit or trickery is voidable as between the parties thereto, but not as to a *bona fide* purchaser. A forged deed, on the other hand, is void *ab initio.*

In *Maskell v. Hill, supra,* the Court of Appeals had before it a case wherein one Alexander Maskell, a married man, and Miss Kidd lived together as man and wife. During that period of time Maskell and Kidd acquired a tract of land in Baltimore County under the assumed names of "Harry A. Hill and Bertha V. Hill." They took title to the property as tenants by entireties, a status reserved for husband and wife. Approximately three years later the illicit relationship terminated and a deed, purported to have been signed by "Harry A. Hill and Bertha V. Hill" his wife, was recorded in the Circuit Court for Baltimore County. By the terms of that deed the title to the land was transferred to Maskell. Miss Kidd complicated the facts by marrying William Hill so that she actually acquired the name "Bertha Hill." Maskell transferred the property to one Van Slyke, a straw party, who in turn reconveyed the property to Maskell and Maskell's lawful wife. After learning of the transactions, Mrs. Hill instituted a Bill of Complaint in which she asked that the pretended deeds be declared void. A demurrer was filed, but it was overruled. The Court, after turning aside an argument that "equity should refuse to aid the appellee in the enforcement of rights based on illicit cohabitation", said that the deed from "Harry A. Hill and Bertha V. Hill," his wife, to Maskell was a forgery, and a nullity. The Court stated, at 335:

> "No judicial action is necessary to 'annul' this nullity. Nevertheless, in view of the recording laws, the appellee doubtless would be entitled to have an apparent cloud on her title removed by a decree declaring the deed to be a forgery."

We glean from the *Maskell v. Hill* decision that the common law rule that a forger can pass no better title than he has is in full force and effect in this State. *See also Banking Co. v. Fed. and Dep. Co., supra.* A forger, having no

title can pass none to his vendee. *James v. Stratton,* 203 S. W. 386 (Tex. Ct. Civ. App. 1918). Consequently, there can be no *bona fide* holder of title under a forged deed. A forged deed, unlike one procured by fraud, deceit or trickery is void from its inception. The distinction between a deed obtained by fraud and one that has been forged is readily apparent. In a fraudulent deed an innocent purchaser is protected because the fraud practiced upon the signatory to such a deed is brought into play, at least in part, by some act or omission on the part of the person upon whom the fraud is perpetrated. He has helped in some degree to set into motion the very fraud about which he later complains. A forged deed, on the other hand, does not necessarily involve any action on the part of the person against whom the forgery is committed. So that if a person has two deeds presented to him, and he thinks he is signing one but in actuality, because of fraud, deceit or trickery he signs the other, a *bona fide* purchaser, without notice, is protected. On the other hand, if a person is presented with a deed, and he signs that deed but the deed is thereafter altered *e.g.* through a change in the description or affixing the signature page to another deed, that is forgery and a subsequent purchaser takes no title.

In the instant case, the Bill of Complaint, for the reasons above stated, alleged a forgery of the deed by which Ja Laur took title from Mrs. Harding. This allegation, if true, renders that deed a nullity. *Maskell v. Hill, supra.* Ja Laur could not have passed title to the other appellees, Macro Housing, Inc. and Montgomery County. Those two appellees would therefore have no title to the land of Mrs. Harding.

The demurrer should not have been sustained. In so holding we do not express an opinion on the merits of this case but confine our discussion to the question of Mrs. Harding's right to have the merits litigated.

> *Order sustaining demurrer without leave to amend reversed and case remanded for further proceeding.*
>
> *Appellees to pay the costs.*