**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2339**

———————

CARMEN C. HOLLIDAY,

        Plaintiff – Appellant,

    v.

JOHN R. HOLLIDAY; CAMBRIDGE HOME CAPITAL, LLC; US
RECORDINGS, INCORPORATED; HUGH H. CUTHRELL, III; BAC HOME
LOANS SERVICING, LP,

        Defendants – Appellees,

    and

COUNTRYWIDE HOME LOANS, INCORPORATED; JOHN DOE, Entities 1
through 100, all whose true names are unknown,

        Defendants,

    v.

EASTERN SETTLEMENT CORPORATION,

        Third Party Defendant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge. (8:09-cv-01449-AW)

———————

Submitted:  March 29, 2013            Decided:  April 9, 2013

———————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————————

Louis Fireison, Patricia H. Ley, FIREISON LAW GROUP, P.A., Rockville, Maryland, for Appellant. John R. Holliday, Silver Spring, Maryland; Bruce Michael Bender, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, PC, Rockville, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carmen Holliday ("Ms. Holliday") filed suit against John Holliday ("Mr. Holliday"); Cambridge Home Capital, Inc. ("Cambridge"); BAC Home Loans Servicing, LP ("BAC"), f/k/a Countrywide Home Loans Servicing, LP; U.S. Recordings, Inc.; Hugh H. Cuthrell, III; and various John Doe entities (collectively, "Defendants"), raising claims for fraud and intentional misrepresentation by concealment; negligence; and violations of the Maryland Finder's Fee Act ("FFA"), Md. Code Ann., Com. Law §§ 12-801 to 12-809 (West 2012); the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.A. §§ 2601-2617 (West 2006 & Supp. 2012); and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f (West 2006 & Supp. 2012). The district court ultimately denied relief on each claim. Ms. Holliday appeals, and for the reasons stated below, we affirm.

As a threshold matter, Cambridge asserts that Ms. Holliday's notice of appeal was untimely, depriving this court of jurisdiction over her appeal. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Parties to a civil action in which the federal government or its agent is not a party are accorded thirty days after entry of the district court's final judgment to file a notice of appeal, Fed. R. Civ. P. 4(a)(1)(B), unless the district court extends the

3

appeal period pursuant to Fed. R. App. P. 4(a)(5), or reopens the appeal period pursuant to Fed. R. App. P. 4(a)(6). Because final judgment was entered on October 1, 2012, Ms. Holliday's original and amended notices of appeal, filed October 26 and October 31, 2012, respectively, were timely. Moreover, these notices were effective to permit appellate review of the district court's interlocutory rulings. See Miami Tribe of Okla. v. United States, 656 F.3d 1129, 1137 (10th Cir. 2011); United States v. Pardee, 356 F.2d 982, 982 (4th Cir. 1966) (per curiam).

In the district court, Ms. Holliday primarily asserted that the refinance documents, on which Mr. Holliday allegedly forged her signature, were void ab initio and thus ineffective to transfer an interest in the Hollidays' property. On appeal, this theory is the basis for three of Ms. Holliday's assignments of error: that the district court erred in 1) granting declaratory relief on summary judgment to BAC on the basis of equitable subrogation, 2) denying her motion to set aside the declaratory judgment, and 3) denying her motion for leave to file an amended complaint asserting a claim for declaratory relief.

We review de novo the district court's grant of summary judgment, viewing the evidence and drawing all reasonable inferences in the light most favorable to the

4

non-moving party.  See PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We review for abuse of discretion the district court's denial of motions to amend the complaint and to set aside an interlocutory order.  See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (providing standard for motion for leave to amend and factors to consider in reviewing such motion); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (reconsideration of interlocutory order).

"A deed obtained through fraud, deceit or trickery is voidable as between the parties thereto, but not as to a bona fide purchaser.  A forged deed, on the other hand, is void ab initio."  Harding v. Ja Laur Corp., 315 A.2d 132, 135 (Md. Ct. App. 1974); see Scotch Bonnett Realty Corp. v. Matthews, 11 A.3d 801, 808-10 (Md. 2011).  Thus, "'[a] forger, having no title, can pass none to his vendee,'" and "'there can be no bona fide holder of title under a forged deed.'"  Matthews, 11 A.3d at 804 (quoting Harding, 315 A.2d at 316).

However, "[s]ubrogation . . . arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler,

5

pays or discharges under such circumstances as in equity entitle him to reimbursement to prevent unjust enrichment." Hill v. Cross Country Settlements, LLC, 936 A.2d 343, 361 (Md. 2007) (internal quotation marks omitted); see G.E. Capital Mortg. Servs., Inc. v. Levenson, 657 A.2d 1170, 1172 (Md. 1995). Subrogation is an equitable remedy that permits the party who paid the debt to step into the shoes of the original obligee and assert his rights on the obligation. Hill, 936 A.2d at 362.

Ms. Holliday provides no authority indicating that equitable subrogation is dependent upon the subrogee's status as a bona fide purchaser, and we have found none. Nor did Ms. Holliday provide any evidence to indicate that BAC acted in bad faith or with knowledge of the alleged fraud. BAC derived its rights in the mortgage as the assignee of Cambridge, which satisfied the Hollidays' undisputedly valid prior mortgage. Thus, we conclude the district court properly subrogated BAC to the prior mortgage, notwithstanding the alleged forgery. See Bierman v. Hunter, 988 A.2d 530, 543-44 (Md. Ct. App. 2010) (citing Serial Bldg., Loan & Savs. Inst. v. Ehrhardt, 124 A. 56 (N.J. Ch. 1924)), abrogation on other grounds recognized by Thomas v. Nadel, 48 A.3d 276 (Md. 2012). Because Ms. Holliday's underlying argument that equitable subrogation does not apply due to the void deed of trust is unavailing, we conclude she

fails to demonstrate error in the district court's grant of declaratory relief or denial of leave to amend on this basis.

Ms. Holliday next argues that the district court erred in granting judgment as a matter of law on her claims for fraudulent misrepresentation and concealment or nondisclosure, negligence, and violation of the FFA. We review de novo the district court's grant of a motion for judgment as a matter of law, viewing the evidence and drawing all reasonable inferences in the light most favorable to the opposing party. A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 365 (4th Cir. 2008). "Judgment as a matter of law is proper only if there can be but one reasonable conclusion as to the verdict." Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 338 (4th Cir. 2003) (en banc) (internal quotation marks omitted). With regard to the negligence claim, Ms. Holliday argues only that she presented sufficient evidence to establish Cambridge's duty and breach of that duty. However, the district court granted judgment as a matter of law after concluding that Ms. Holliday established sufficient evidence of a duty and breach but insufficient evidence to prove that the breach caused any compensable damages. See Chi. Title Ins. Co. v. Allfirst Bank, 905 A.2d 366, 378 (Md. 2006) (elements of negligence). Because Ms. Holliday does not address the dispositive basis for the district court's ruling, we conclude that she has waived

7

appellate review of this issue. See Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973-74 (4th Cir. 1997) (indicating that arguments not raised in appellate brief are waived). We also conclude that the district court properly directed verdict after finding the evidence adduced at trial insufficient to permit a jury to find in Ms. Holliday's favor as to her FFA and fraud claims. See Petry v. Wells Fargo Bank, N.A., 597 F. Supp. 2d 558, 562-63 (D. Md. 2009) (addressing status as "mortgage broker" under FFA); Gourdine v. Crews, 955 A.2d 769, 791 (Md. 2008) (elements of fraudulent misrepresentation); Green v. H & R Block, Inc., 735 A.2d 1039, 1059 (Md. 1999) (fraudulent concealment); Fegeas v. Sherrill, 147 A.2d 223, 225 (Md. 1958) (fraudulent concealment and nondisclosure); First Union Nat'l Bank v. Steele Software Sys. Corp., 838 A.2d 404, 433 (Md. Ct. App. 2003) (recognizing that fraud requires proof of "deliberate intent to deceive").

Ms. Holliday also argues that the district court improperly prohibited her from introducing evidence regarding the alleged TILA and RESPA violations as evidence of negligence. However, her informal brief and the record indicate that she adduced evidence on these issues during trial, and she points to no specific evidence that was improperly excluded. She also provides no basis to conclude that viewing these violations as negligent conduct would have cured the defects in her negligence

8

claim.  Thus, any error on this basis would not entitle her to relief.

Turning to Ms. Holliday's remaining arguments, we have reviewed the record and conclude that she establishes no reversible error.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED