REPORTED
IN THE COURT OF SPECIAL APPEALS
OF MARYLAND

No. 02416

September Term, 2013

_____

SUSAN BUCKINGHAM, CO-PERSONAL
REPRESENTATIVE OF JOHN D.
BUCKINGHAM, *et al.*,

v.

JEFFREY B. FISHER, et al., SUBSTITUTE
TRUSTEES.

_____

Woodward,
Berger,
Friedman,

JJ.

_____

Opinion by Friedman, J.

_____

Filed:  May 27, 2015

Maryland Rule 14-211 sets out the process for determining whether to grant or deny a motion to stay and dismiss a foreclosure sale. First, the trial court will review the motion and the record and, if it sees fit, may elect to hold an initial hearing where the trial court considers the motion and hears arguments from parties to the foreclosure proceedings.[1] If the court determines that the motion on its face states a valid defense to the foreclosure, a temporary stay of foreclosure is entered and the second step, an evidentiary hearing on the merits of the defense, is scheduled. On the other hand, if the trial court determines that the motion does not raise a facially valid defense, it may deny the motion without holding an evidentiary hearing on the merits, thereby allowing the foreclosure sale to proceed. We are asked to consider what the pleading standard is for stating a facially valid defense that will require a trial court to move to that second step of holding a hearing on the merits.

## FACTUAL BACKGROUND

John and Elizabeth Buckingham were husband and wife who resided at 17 Darby Court, in Bethesda, Maryland. They owned the property as tenants by the entireties. On

---

[1] We note that Rule 14-211(b)(1) gives a trial court the discretion to deny a motion based on the record, without first holding an initial hearing. The trial court in this case opted to first hold an initial hearing before denying the Buckinghams' motion. Although the trial court did not explicitly state its reason for holding an initial hearing, which it referred to in its Order denying the motion as an "emergency hearing," it was likely because the Buckinghams' motion was filed one day before the foreclosure sale was scheduled to take place. In a situation where the trial court has more time to review the motion and the record, however, the court may decide to grant or deny the motion, or to hold an evidentiary hearing on the merits, without holding an initial hearing.

September 11, 1997, the Buckinghams purportedly executed a refinance deed of trust ("1997 deed of trust") for the benefit of Virginia Commerce Bank. The 1997 deed of trust secured a $600,000 debt owed under a prime equity line agreement and disclosure with Virginia Commerce Bank, and was recorded in the Montgomery County land records on October 9, 1997. The 1997 deed of trust was modified on several occasions during the subsequent years: on June 15, 1999; on November 25, 2005; on March 26, 2006; and on June 30, 2006. Each modification acknowledged the original 1997 loan and deed of trust.

The Buckinghams defaulted on November 16, 2010, by failing to make the payments due under the modified loan agreement. Virginia Commerce Bank sought to foreclose the deed of trust and appointed the appellees in this case as Substitute Trustees ("Trustees"). On December 7, 2011, before the Trustees initiated the foreclosure action, Elizabeth died, leaving John as the surviving tenant by the entireties. The Trustees filed an Order to Docket Suit in the Circuit Court for Montgomery County on September 6, 2012, seeking to foreclose the deed of trust based on the November 2010 default. John Buckingham was the sole named defendant as the surviving tenant by the entireties and sole owner of the property at 17 Darby Court. But due to John Buckingham's poor health, he was no longer capable of acting for himself in legal proceedings. Therefore, the Order to Docket Suit was served on John's son, David Buckingham, who had been appointed as the guardian of his father's property.

John died on October 17, 2012, shortly after the foreclosure action was filed against him. After John's death, two of his other children, Richard and Susan Buckingham ("the

Buckinghams") were appointed as the co-personal representatives of John's estate. The

Trustees amended the Order to Docket Suit on July 11, 2013, to reflect the fact that John

Buckingham had died and that the subject property was no longer owner-occupied, as well

as to join Richard and Susan Buckingham as the personal representatives of John's estate.[2]

A foreclosure sale was scheduled for December 19, 2013. Richard Buckingham

received notice of the foreclosure sale on December 5, 2013. On December 18, 2013,

Richard and Susan Buckingham filed a Motion to Stay Sale of Property and Dismiss

Foreclosure Action, pursuant to Rule 14-211. They sought a temporary stay of the sale and

dismissal of the foreclosure action, challenging the validity of the 1997 deed of trust and

the Trustees' right to foreclose. The Buckinghams alleged that their mother, Elizabeth's

signature on the 1997 deed of trust was a forgery.

> Elizabeth's signatures on the lien instruments attached to the
> Order to Docket are not hers and are forgeries, thereby
> rendering the lien instruments void *ab initio* and
> unenforceable. The Affidavit of John W. Hargett, III, a forensic
> document examiner, expressing his expert opinion that there is
> a strong possibility that Elizabeth S. Buckingham did not sign
> these lien instruments, is attached hereto.[3]

---

[2] John Buckingham's illness and death, his personal financial and corporate
business dealings, and relationships with and among his heirs and survivors, have
generated a substantial amount of litigation in the courts of Maryland. Nothing in the
factual recitation contained in this Opinion is intended as anything more than helpful
background and will not bind courts that may have to make specific determinations on
these issues.

[3] The Buckinghams also supported this allegation with the affidavit from David
Buckingham, who alleged that he was familiar with his mother's handwriting and that the
signatures on the instruments were not hers.

In addition to this forgery defense, the Buckinghams also alleged that the notice of sale was insufficient to inform interested parties of the details of the foreclosure sale because it conflicted with the Order to Docket Suit in terms of the lien instrument upon which the foreclosure sale was based. The Buckinghams argued that (1) the notice of sale listed the 1999 modification to the 1997 deed of trust, rather than the 2006 modification referenced in the Order to Docket Suit, as the instrument being foreclosed upon, and (2) the notice of sale stated that the foreclosure sale was proceeding pursuant to an instrument executed by "John D. Buckingham, c/o David T. Buckingham, as Guardian for Person and Property," but that John was not under guardianship at the time the instrument was obtained. Additionally, the Buckinghams claimed that notice was not served on counsel, Christopher Fogelman, despite the fact that Fogelman had been their counsel of record for over a year. The Buckinghams claimed that they had not been aware of the scheduled sale until Richard received the notice by mail on December 5, 2013.

An initial hearing on the Buckinghams' motion was held in the Circuit Court for Montgomery County on the day it was filed. The circuit court heard arguments from the Buckinghams and the Trustees and, at the conclusion of the arguments, denied the Buckinghams' motion without scheduling a hearing on the merits. The circuit court ordered the Trustees to reschedule the sale and to provide Fogelman with all filings to cure the lack of service. The sale was rescheduled for January 30, 2014 and the property was sold on that date for $1.4 million.

**DISCUSSION**

We are asked to determine whether the trial court properly denied the Buckinghams'
motion to stay and dismiss the sale, or whether Maryland Rule 14-211 required the circuit
court to first hold an evidentiary hearing on the merits of the asserted defenses. We will
begin by analyzing Rule 14-211 and considering what the proper pleading standard for
stating a facially valid defense is under the rule. Next, we will look at the forgery defense
asserted in the Buckinghams' motion and determine whether their motion stated a facially
valid defense that required the trial court to hold a hearing on the merits. Finally, we will
consider whether the defense related to defective notice asserted in the Buckinghams'
motion required a hearing on the merits.

**I.      Maryland Rule 14-211**

This case centers on the application of Rule 14-211, which allows an interested party
to a scheduled foreclosure sale the right to file a motion to stay the sale and dismiss a
foreclosure action. Rule 14-211 went into effect in May of 2009. This Court has explained
the purpose of the rule, quoting a letter from the Rules Committee to the Court of Appeals,
which stated:

> A number of significant changes are recommended to the Rule
> governing a stay of the sale (proposed Rule 14–211). The Rules
> Committee proposes to detach that procedure from the Rules
> governing injunctions and to deal with it in a Rule specific to
> foreclosure sales. The Rule attempts to strike a fair balance by
> providing borrowers and others with sufficient standing, who
> have a legitimate defense to the foreclosure, a reasonable and
> practical opportunity to raise the defense, but not allowing for
> frivolous motions intended solely to delay the proceeding.

*Bechamps v. 1190 Augustine Herman, LC*, 202 Md. App. 455, 461-62 (2011).

The Buckinghams filed a motion under Rule 14-211, raising two defenses: a challenge to the validity of the lien based on forgery and a challenge to the right of the Trustees to foreclose based on defects in the notice of sale. They claim that Rule 14-211 (b)(2) entitled them to an evidentiary hearing on the merits of both defenses because both claims "state[d] on [their] face a defense to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action." The Trustees argue that although the Buckinghams' motion nominally raised defenses, it failed to adequately allege all necessary elements of the defenses as required by Rule 14-211(a)(3). These arguments present the question of what pleading standard must be met before a Rule 14-211 motion cannot be denied without an evidentiary hearing on the merits.

Rule 14-211(a)(3) sets out the required contents of a motion to stay sale and dismiss the foreclosure action. It provides in relevant part:

> (3)    *Contents.* A motion to stay and dismiss shall:
>
>     (A)    be under oath or supported by affidavit;
>
>     (B)    state *with particularity* the factual and legal basis of each defense that the moving party has to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action;
>
>     (C)    be accompanied by any supporting documents or other material in the possession or control of the moving party

(Emphasis added). It is clear from this provision that the factual and legal bases of a defense must be stated "with particularity" and that any available supporting documents or material must be provided.

Rule 14-211(b)(1) sets out the procedures for the initial determination by the circuit court and, that if it finds one or more of the grounds for denial, that the court has the discretion to deny the motion before holding a hearing on the merits. This section provides in part:

> (1)   *Denial of Motion.* The court shall deny the motion, with or without a hearing, if the court concludes from the record before it that the motion:
>
>     (A)   was not timely filed and does not show good cause for excusing non-compliance with subsection (a)(2) of this Rule;
>
>     (B)   does not substantially comply with the requirements of this Rule; or
>
>     (C)   does not on its face state a valid defense to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action.

Failure to state a facially valid defense is one of the three grounds for denial at the initial determination phase and appears to have been the basis for the trial court's denying the Buckinghams' motion.[4] Section 14-211(b)(2), however, requires that the court hold an

---

[4] The other two grounds for denying a motion without holding a hearing on the merits are (A) untimely filing without good cause; and (B) failure to comply with the

evidentiary hearing on the merits if none of the three grounds for denial provided in subsection (b)(1) are present.

> (2) *Hearing on the Merits.* If the court concludes from the record before it that the motion:
>
> > (A) was timely filed or there is good cause for excusing non-compliance with subsection (a)(2) of this Rule,
> >
> > (B) substantially complies with the requirements of this Rule, and
> >
> > (C) states on its face a defense to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action, the court shall set the matter for a hearing on the merits of the alleged defense. The hearing shall be scheduled for a time prior to the date of sale, if practicable, otherwise within 60 days after the originally scheduled date of sale.

(Emphasis added). If the court finds that the motion was timely, complies with the requirements of the Rule, and states a valid defense, then an evidentiary hearing on the merits is required before the circuit court makes a final determination on whether to grant or deny the motion.

---

requirements of the Rule. The trial court in this case did not specify its basis for denying the Buckinghams' motion. Based on the record, however, we agree with the Buckinghams that the trial court appeared to conclude that there was good cause for the untimely filing and that the motion complied with the requirements of the Rule. Therefore, it seems plain that the trial court denied the motion for failure to state a valid defense to validity of the deed or the right to foreclose and we will proceed to analyze that decision.

The text of the Rule does not make explicit what level of "particularity" is required for a defense to be deemed valid on its face and trigger an evidentiary hearing on the merits. But the fact that an asserted defense must be "accompanied by any supporting documents or other material in the possession or control of the moving party," Rule 14-211(a)(3)(C), leads us to believe that bare assertions of a broad defense to the validity of a lien instrument will not be sufficient. The requirements of stating a defense with particularity and supporting those assertions with any available evidence leads us to conclude that, under Rule 14-211, the pleading standard is more exacting than the pleading standard for an initial complaint.

We hold that under Rule 14-211, a party must plead all elements of a valid defense with particularity. To give content to this phrase, we find instructive the particularity requirement for pleading fraud-based claims in Maryland. Maryland courts have long found that fraud must be alleged with particularity. *See, e.g.*, *McCormick v. Medtronic, Inc.*, 219 Md. App. 485, 527 (2014). This Court has described the meaning of the particularity requirement:

> The requirement of particularity ordinarily means that a plaintiff must identify who made what false statement, when, and in what manner (i.e., orally, in writing, etc.); why the statement is false; and why a finder of fact would have reason to conclude that the defendant acted with scienter (i.e., that the defendant either knew that the statement was false or acted with reckless disregard for its truth) and with the intention to persuade others to rely on the false statement.

*Id.* at 528.  We further held that "vague allegations fail to meet the standard of particularity." *Id.*  In the context of Rule 14-211, we hold that particularity means that each element of a defense must be accompanied by some level of factual and legal support.  General allegations will not be sufficient to raise a valid defense requiring an evidentiary hearing on the merits.  We will apply this understanding of the pleading standard under Rule 14-211 to the two defenses raised in the Buckinghams' motion.

## II.  Forgery

We turn first to question of whether the Buckinghams' motion to stay the sale and dismiss the foreclosure due to the alleged forgery of the 1997 deed of trust states a valid defense under Rule 14-211(b).  The Buckinghams argue that their allegation that the signature on the deed of trust was not Elizabeth Buckinghams' was sufficient to compel the circuit court to hold an evidentiary hearing on the merits of their forgery defense.  The Trustees argue that the Buckinghams' motion did not state a facially valid defense because they did not allege or provide support to show that the purportedly non-authentic signature was not ratified or authorized by Elizabeth.

### A.  *Standard of Review*

Before addressing this, however, we note that there is a disagreement between the parties as to what standard of review we must apply in reviewing the decision of the circuit court.  Because we are asked to answer a question of law—whether Buckinghams' motion stated a forgery defense with sufficient particularity—we review the trial court's denial of the motion for whether it is legally correct. *Cf. RRC Northeast., LLC v. BAA Maryland,*

-10-

*Inc.*, 413 Md. 638, 644 (2010) ("Upon appellate review, the trial court's decision to grant [a motion to dismiss] is analyzed to determine whether the court was legally correct.").

In making this determination, we reject the Trustees' contention that this case should be reviewed under an abuse of discretion standard. While the denial of an injunction is typically reviewed under that standard, *Anderson v. Burson*, 424 Md. 232, 243 (2011), the Buckinghams are not asking us to review the substance of the trial court's ultimate decision to deny injunctive relief. Rather, they are asking us to determine whether Rule 14-211 required a hearing on the merits before the decision was made. This is a legal question of whether the Buckinghams satisfied the pleading standard under Rule 14-211. If we determine that the Buckinghams pleaded their forgery defense with sufficient particularity, then the circuit court had no discretion to decline to hold the hearing under Rule 14-211 and there is no discretion to which we can properly defer. Therefore, we review the circuit court's decision to decline to hold an evidentiary hearing on the merits to determine whether or not it was legally correct.

### B. Sufficiency of the Forgery Defense

Returning to the Buckinghams' forgery assertion, it should be remembered that we are not addressing the question of whether there actually was a forgery of the deed of trust. Rather, we are considering whether the Buckinghams' motion sufficiently stated a valid defense to the foreclosure action such that the circuit court was required to hold an evidentiary hearing on the merits before denying it. We have no doubt that a well-articulated forgery defense could be found under Rule 14-211 to state "on its face a defense

-11-

to the validity of the lien or the lien instrument." We hold, however, that the Buckinghams failed to "state with particularity the factual and legal basis" of their forgery defense, as required by Rule 14-211(a)(3). We explain.

Forgery is one of the two principal bases for finding a deed to be void. *Scotch Bonnett Realty Corp. v. Matthews*, 417 Md. 570, 583 (2011). This Court has defined forgery as "[1] a false making or material alteration, [2] with intent to defraud, [3] of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." *Harding v. Ja Laur Corp.*, 20 Md. App. 209, 212 (1974). This definition is the general definition of the crime of forgery, but it has also applied to define forgery when claimed as a defense to a lien's validity. *Id.* at 212.

The Buckinghams' motion alleged the first and third elements of a forgery claim, in that they have claimed that Elizabeth's signature on the deed was false. The Buckinghams, however, have failed to assert—with particularity or without—the intent to defraud element of forgery. In the absence of any allegation and some evidentiary support for the existence of an intent to defraud, they have failed to sufficiently allege the grounds for their motion, and, as a result, it was properly denied without an evidentiary hearing.

## III. Notice

The Buckinghams' second argument is that certain defects in the notice of sale constituted a facially valid defense that required an evidentiary hearing on the merits. In their motion, the Buckinghams challenged the notice of a sale on two grounds: (1) that the notice of sale and the Order to Docket Suit identified different modifications to the original

1997 deed of trust in describing the lien that was the subject of the foreclosure ; and (2) that the notice of sale incorrectly stated that the lien being foreclosed on included David Buckingham as a party to the lien as the guardian of John Buckingham, despite the fact that David was not John's guardian at the time of the original execution or later modifications. The Trustees, on the other hand, argue that the notice complied with the requirements for pre-sale notice under Rule 14-210(a) because the notice adequately informed the interested parties of the time, place, and terms of the sale, such that they were able to protect their interests in the property.

Maryland Rule 14-210(a) requires a foreclosing party prior to sale to publish notice of the time, place, and terms of the sale. Rule 14-210 provides in relevant part that:

> Before selling property in an action to foreclose a lien, the individual authorized to make the sale shall publish *notice of the time, place, and terms of the sale* in a newspaper of general circulation in the county in which the action is pending.

The notice must contain a description of the property that is sufficient to enable an ordinary person to identify the property and seek further information. *Preske v. Carroll*, 178 Md. 543, 547 (1940).

Although the parties do not dispute that inadequate notice could be a valid defense to the right to foreclose, we hold that the Buckinghams failed to sufficiently state that the inconsistencies in the Trustees' notice could be the basis for stay or dismissal of the foreclosure action. Rule 14-211 requires that both the "factual *and legal*" bases of a defense be stated with particularity. Although the Buckinghams pointed out

-13-

inconsistencies in the notice, they failed to allege with particularity the legal grounds pursuant to which the trial court could determine that the notice would prohibit the Trustees from proceeding with the foreclosure sale.[5]

Importantly, the circuit court also delayed the December 19, 2013 sale until copies of all filings were sent to Mr. Fogelman. As a result, the sale did not take place until January 30, 2014. This presented an opportunity for any confusion regarding the terms of the sale to be cleared up. We hold that the circuit court did not err in declining to hold an evidentiary hearing on the merits based on the arguments presented and the circumstances of the case.

## CONCLUSION

We affirm the circuit court's decision to deny the Buckinghams' motion to stay and dismiss the foreclosure sale without a hearing on the merits. The Buckinghams failed to plead with particularity the necessary elements of forgery. They also failed to sufficiently allege that any defects in the pre-sale notice constituted a defense to the Trustees' right to carry out the foreclosure sale. No evidentiary hearing on the merits was required prior to denial under Rule 14-211.

---

[5] Moreover, we are aware of none. It appears to us that despite minor inconsistencies, the notice complied with Rule 14-210(a). The notice did, in fact, inform the parties of the time, place, and terms of the sale sufficiently to allow them to protect their interests in the property, as evidenced by the fact that they filed a motion to stay and dismiss the sale before the sale occurred. The rule does not require that the notice perfectly identify the lien instrument upon which the sale is proceeding.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**